did not have the right to make any election or selection of any part of the premises, either the homestead or other parts, to be retained by her, until the time the parties were to agree with respect to the fee to be charged by the attorneys, or until that was determined. I am of opinion that there is no force in this contention. Since she manifestly had the right to make such an election or selection, the agreement should be construed as giving her that right at any time and as reserving a right on her part to convey part of her premises, either with or without consideration, so long as she retained sufficient to meet the claim of the respondent under the retainer agreement. The enforcement of the agreement of retainer as herein sought by the respondent would be oppressive, and therefore should not receive the sanction of a court of equity.

It follows, therefore, that the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

---

In re MATTHEWS, Deputy State Superintendent of Elections.

(Supreme Court, Appellate Division, Second Department.    March 17, 1911.)

1. EVIDENCE (§ 53*)—PRESUMPTIONS.

Presumptions are indulged in only to supply facts, and do not arise where the facts are known.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 73; Dec. Dig. § 53.*]

2. EVIDENCE (§ 83*)—REGISTRATION OF VOTERS—PRESUMPTIONS AS TO QUALIFICATIONS.

Where a board of registration, in obedience to Election Law (Consol. Laws, c. 17) § 159. making it their duty, in districts where personal registration is not necessary, to place upon the register the names of all persons who voted at the last general election and those entitled to vote at the election for which such registration is made, placed the name of one upon the register, it is presumed that they as public officers discharged their duty, and that the one whose name was enrolled was entitled to vote.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 105; Dec. Dig. § 83.*]

3. ELECTIONS (§ 108*)—REGISTRATION OF VOTERS—IRREGULARITIES—RIGHT TO VOTE.

Where a board of registration, pursuant to Election Law (Consol. Laws, c. 17) § 159, placed a name on the register, which duty was mandatory, and for a failure to perform which Election Law, § 153, gave a summary remedy, the failure of the register to show the person's address is not ground for striking his name therefrom; for section 156 only inferentially makes it the duty of the board of registration to prepare the register, and the person registered is under no duty to appear to have his name registered, and hence to disfranchise him for the failure of the register to show his residence would violate Const. art. 1, § 1, providing that no member of this state shall be disfranchised or deprived of any rights or privileges, save by the law of the land.

[Ed. Note.—For other cases, see Elections, Dec. Dig. § 108.*]

Appeal from Special Term, Westchester County.

In the matter of the application of Edward A. Matthews, as Deputy State Superintendent of Elections, for an order to strike from the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

register of voters of the Third election district of the town of North-castle, in the county of Westchester, the name of George Bedwon. Denied, and the applicant appeals.    Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Robert P. Beyer, Deputy Atty. Gen., for appellant.

WOODWARD, J.    The only material fact in the affidavit submitted in support of the motion to strike from the list of registered voters for the Third election district of the town of Northcastle, Westchester county, the name of George Bedwon as a voter, was that Edward A. Matthews, a deputy state superintendent of elections for the Metropolitan district, had examined the official copy of the registration list for such district, where the name of George Bedwon was enrolled, and that such register did not show any place of residence or other information as to the locality of the residence of said George Bedwon, as provided by section 156 of the election law (Consol. Laws, c. 17). With this single fact before the court the motion was denied, and we should be content to rest our decision upon the opinion of the learned justice who presided at the Special Term, were it not for the apparent doubt entertained as to the correctness of the determination.

The claim was made by the learned Attorney General that it is to be presumed that the board of inspectors did their duty, and that their failure to write in the place of residence of these alleged voters is to be attributed to the fact that such residences were not given or stated to them; and the learned court seems to assume that there is force in this contention, giving rise to grave doubts.    But presumptions are indulged to supply the place of facts; they are never allowed against ascertained and established facts.    When these appear, presumptions disappear.    Lincoln v. French, 105 U. S. 614, 617, 26 L. Ed. 1189. The facts were known here, and there was no room for any presumption of the kind suggested.    Section 159 of the election law makes it the duty of the board of registration, in districts where personal registration is not necessary, to—

"place upon the register the names of all persons who voted at the last preceding general election, as shown by the register or poll book of such election, except the names of such voters as are proven to the satisfaction of the inspectors to have ceased to be voters in such district since such general election, and also * * * they shall place on the register the names of all persons known or proven to the satisfaction of the inspectors to be then or thereafter entitled to vote at the election for which such registration is made."

The board of registration placed the name of George Bedwon upon the register, whether as one who had voted at the last previous general election, or who was known or proven to their satisfaction to be entitled to vote, does not appear, and at this point the presumption arises that they, as public officers, discharged their duty, and that no one who did not vote at the last previous general election, or who was not known or proven to their satisfaction to be entitled to vote, was thus enrolled.    This is made the mandatory duty of the inspectors.    They "shall place upon the register the names of all persons who voted at

the last preceding general election," etc. The individual voter is not required to be present; he is entitled to be registered if he voted at the last preceding general election, unless it affirmatively appears that he has become disqualified. He is entitled to be registered if it is known to the inspectors, or proven to their satisfaction, that he will be a voter at the next ensuing election; and it cannot be presumed that the inspectors have violated their duty in this regard and placed the name of a man upon the register who does not come within the requirements of the statute. This is the controlling provision of law—the one which requires the inspectors to place upon the register the names of voters, and, if the officers neglect or refuse to enter the name of any person entitled to have his name enrolled, summary power is given to compel such action. Section 153.

The provisions of section 156 merely provide for the details of the register, and only inferentially make it the duty of the inspectors to prepare it. It tells how the register shall be made up, and what it shall contain; but it imposes no duty whatever upon the person whose name has been entered upon the register, and it would be very remarkable, in a state which provides in its Constitution (section 1, art. 1) that "no member of this state shall be disfranchised, or deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land, or the judgment of his peers," could be deprived of his right to vote from the mere fact that the board of election inspectors had failed to perform a clerical duty in connection with filling out the register of voters for a particular district. The voter, not being required to do any act to be registered in small villages and towns where he voted at the last preceding general election—being entitled to have his name enrolled just because of that fact—would have no reason to go to the meeting of the board or to afford any information; and if he could be disfranchised simply because the board of inspectors failed to fill in the necessary details, it would clearly violate the letter and the spirit of the Constitution, and work great injustice.

The order appealed from should be affirmed, without costs. All concur.