In the Matter of the Application of the BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT NO. 1 OF THE TOWNS OF HADLEY, DAY AND EDINBURGH, SARATOGA COUNTY AND LUZERNE, WARRENSBURG AND CALDWELL, WARREN COUNTY, for an Order against ERNEST E. COLE, as Commissioner of Education of the State of New York, and Others, Respondents.

Supreme Court, Special Term, Albany County. May 14, 1941.

*John J. O'Malley,* for the petitioner.

· *Charles A. Brind, Jr.* [*Joseph Lipsky* of counsel], for the respondent Commissioner of Education.

*McPhillips, Fitzgerald & McCarthy,* for the respondents William C. Cutler, Earl T. Woodward, G. A. Sellaro, Benjamin H. Baker and Carl Scofield.

BERGAN, J. On October 21, 1940, the board of education refused to adopt a resolution to submit to the voters of the central school district a proposition for a combined grade and high school to be erected on the Luzerne site at a cost not exceeding $285,000. The Luzerne site had been acquired for school purposes in June, 1940, in pursuance of approval by the voters. The board did, however, submit a proposition at the October meeting for the acquisition of a site in Hadley and the erection of a junior-senior high school there at a cost of $180,000 and for the erection of an elementary school on the Luzerne site for $110,000. An appeal was taken by the respondents here (other than the Commissioner of Education) to the respondent Commissioner from the refusal of the board to adopt the first resolution and from its determination adopting the second one. During the pendency of the appeal, the voters rejected the proposal submitted by the board and the appeal on this question became academic.

On February 27, 1941, the Commissioner ruled on the appeal and directed that the proposition of the combined school in Luzerne be presented to the voters. The board met March 12, 1941. It adopted an alternative proposition. The first alternative is immaterial here. The second one was to submit a proposition for the construction of a combined school on the Luzerne site at a cost of $342,000. This sum is substantially in excess of ten per cent of the assessed valuation of the district. The statute would require the approval by a two-thirds vote of the district and the consent of the Board of Regents. (Education Law, § 480, subd. 1.) From this determination a further appeal was taken to the Commissioner by the respondents here who had prosecuted the former appeal. The Commissioner set aside the determination of the board and again ordered it to submit a proposition for the erection of a combined school on the Luzerne site at a cost of at least $285,000 and not to exceed ten per cent of the assessed valuation of the district.

This proceeding seeks a review of both orders of the Commissioner on the grounds that they were not authorized by law and that

they were arbitrary, *i. e.*, that the amount required to be submitted was not justified by the record before the Commissioner. Other questions are raised, notably that the determinations were not sustained by the evidence before the Commissioner, which are not available since no evidence was taken in pursuance of statutory direction. (Civ. Prac. Act, § 1296.)

The questions presented in the proceeding are whether the Commissioner is vested with the power upon appeal to him to require the board of education to submit a proposition to the voters of the district which they had refused to submit, and whether he had the power to specify the precise question to be voted upon — in this case the amount of money to be authorized. The remaining question, whether the conclusion reached is arbitrary, meets ready disposition. Charged with the duty of general supervision of the education system of the State, the Commissioner has made a pragmatic and sensible solution of the bitter controversy which has divided the district. He has directed that a school be erected on a site already acquired for that purpose and at a cost within ten per cent of the assessed valuation of the district. To say that his action is arbitrary is to say no reasonable person would agree with it. The Special Term is, of course, disposed to reach no such conclusion. It is not a part of the judicial function, in any event, to try out the question of the wisdom of the administrative determination of the location or cost of a public school, and no triable issue of fact is presented.

If the Commissioner had the power to make his orders, his determination must be confirmed. The Commissioner has general jurisdiction over the board of education. (Education Law, §§ 90, 94.) He has appellate jurisdiction upon appeal or petition over determinations made by the board concerning any matter arising under the Education Law or pertaining to the common schools (Education Law, § 890) and he has the power to make " all orders " to " give effect to his decision " upon such an appeal or petition. (Education Law, § 891, subd. 4.) Surely a power so broadly vested and framed by statute includes the exercise complained of by the petitioners, and so it has been construed by the established practice of the Commissioner and his predecessors. (See Judicial Decisions of the State Commissioner of Education 1890–1896, State Department Reports 1920 to 1939. See, also, *Matter of Levitch* v. *Board of Education*, 243 N. Y. 373, and *Bullock* v. *Cooley*, 225 id. 566.)

A final order may be submitted confirming the orders · of the Commissioner. No costs.