In the Matter of JAMES SPARLING, on Behalf of Himself and All Other Residents and Property Owners in the Incorporated Village of Island Park, and the Territory Known as Harbor Island, Island Park, Nassau County, Similarly Situated, Petitioner, and INCORPORATED VILLAGE OF ISLAND PARK et al., Interveners, Petitioners, against A. HOLLY PATTERSON et al., Constituting the Town Board of the Town of Hempstead, Respondents, and OIL PRODUCTS, INC., et al., Interveners, Respondents.

Supreme Court, Special Term, Nassau County, June 8, 1951.

*Jules B. St. Germain* for petitioner and interveners, petitioners.

*George R. Brennan* for respondents.

*Turnbull & Bergh* for Oil Products, Inc., intervener, respondent.

*Irving T. Bergman* and *Hartman, Sheridan & Tekulsky* for 45 West 10th Street Realty Corp., intervener, respondent.

HOOLEY, J.   In this proceeding, the petitioner prays that an order be made pursuant to article 78 of the Civil Practice Act annulling and declaring void the denial by the town board of the Town of Hempstead of the petition requesting the annexation of a portion of certain territory known as Harbor Island, also known as Barnum Island and Wreck Lead, to the Incorporated Village of Island Park and ordering the respondents, the town board of the Town of Hempstead, to rescind said denial and requiring said respondents to execute their consent to said petition and to deliver it with the petition to the village clerk of the Village of Island Park and to file a copy thereof with the town clerk.

On or about the first day of December, 1950, seven residents of Harbor Island applied to the town board for the consent of the town board to the annexation of part of the island to the village.   The petition was referred by the town board, in accordance with a regular procedure, to the town attorney to check as to its compliance with section 348 of the Village Law which controls annexation proceedings.   The town attorney apparently found the petition in proper form ,and after an examina-

tion of the 1950 election registration records, determined that the signers of the petition were residents of Harbor Island, qualified to vote for town officers. The town attorney thereupon prepared and delivered to the town board a memorandum to that effect. Thereafter, notice of public hearing on the application for the town board's consent was given, pursuant to law, and a hearing pursuant to such notice was held in the area sought to be annexed on January 16, 1951. At that hearing, written objections were filed urging, among other things, that the signers of the petition did not constitute a majority of the residents of the territory sought to be annexed, qualified to vote for town officers. The petitioners and one of the objectants were represented at the hearing by counsel. The presiding supervisor asked if anyone wished to be heard, either in favor of or in opposition to the application. Neither the petitioners nor any of the objectants introduced or sought to introduce any testimony or other evidence in support of their respective positions on any of the issues raised, including the issue of whether the signers of the petition constituted a majority of the resident qualified voters. The hearing was concluded and the town attorney was directed by the town board to investigate and report to it on the issue raised by the petition and objections for the purpose of determining whether the petition had the requisite number of signers. A member of the staff of the town attorney was assigned to the investigation with directions to re-examine the 1950 election registration records and to report the number of registrants residing within the territory sought to be annexed. That examination revealed that thirty-six persons had been registered as qualified voters residing in Harbor Island, all apparently from the area sought to be annexed. On January 23, 1951, the town attorney made a report to the town board, that the registration records indicated that there were thirty-six qualified voters residing in the territory sought to be annexed. Thereupon the town board adopted a resolution denying the application for its consent and made and filed its decision as required by section 348 of the Village Law. That section requires that a petition for such annexation shall be signed by a majority of the resident qualified voters, or by the owners of a majority in value of the property therein assessed upon the last preceding town assessment roll. There was no attempt here to obtain the consent of a majority in value of the property. In fact, it appears that the assessed valuation of the property owned by the petitioners is $11,470, while the

assessed valuation of the whole area sought to be annexed is $201,310.

James Sparling, the petitioner herein who is a resident of the village of Island Park and not a resident of Harbor Island and, therefore, not a resident of the property sought to be annexed, then brought this proceeding to compel the town board to give its consent to the petition for annexation. The basis of the application is that the decision of the town board to give its consent to the annexation was based on a purported erroneous decision of a question of fact, i.e., whether or not the signers of the petition constitute a majority of the residents of the territory sought to be annexed qualified to vote for town officers. It is the contention of the petitioner Sparling, and the Village of Island Park which, by order of the court, has been permitted to intervene and is now designated as petitioner, intervener, that in truth and in fact, the seven original petitioners for the consent of the town board would, in fact, constitute a majority of the electors residing in the property sought to be annexed and, therefore, inasmuch as the town board made an erroneous decision upon a question of fact, its determination should be vacated.

The question before the court involves a construction of section 1296 of article 78 of the Civil Practice Act. That section enumerates the only questions which can be reviewed by the Supreme Court in a proceeding under article 78. That section first defines five issues of law which the court may determine, none of which is involved here and then recites:

"Where the determination under review was made as the result of a hearing held, and at which evidence was taken, pursuant to statutory direction, the following questions shall also be determined,

"6. Whether there was any competent proof of all the facts necessary to be proved in order to authorize the making of the determination.

"7. If there was such proof, whether, upon all the evidence, there was such a preponderance of proof against the existence of any of those facts that the verdict of a jury, affirming the existence thereof, rendered in an action in the supreme court triable by a jury, would be set aside by the court as against the weight of evidence."

The statute, therefore, limits any review of the facts to the competence and weight of the evidence before the board. From a close reading of the statute, it appears that in order for the

court to entertain either of the questions contained in paragraphs 6 and 7 last above quoted, there must have been a hearing held and at which evidence was taken pursuant to statutory direction (*Matter of Doherty* v. *McElligott,* 258 App. Div. 257; *Matter of Five-Boro Personal Loan Corp.* v. *Bell,* 61 N. Y. S. 2d 445, affd. 271 App. Div. 1011; *Matter of Bd. of Educ., School Dist. No. 1* v. *Cole,* 176 Misc. 509; *Matter of New Honeymoon Danceland* v. *Valentine,* 59 N. Y. S. 2d 637).

There are two reasons why this court has no jurisdiction to determine the question of fact upon which the petitioner bases his claim to relief.

First, although a hearing was held and the opportunity to introduce evidence was given to both the petitioner and objectants, no evidence was offered at the hearing.

Second, section 348 of the Village Law which controls these proceedings does not direct the taking of evidence at the hearing. That section provides in part (subd. 2, par. d): " All objections [to the petition] *must* be in writing and signed by one or more resident taxpayers of the town in which the territory proposed to be annexed is situated. Testimony *may* be taken upon such hearing which shall be reduced to writing and subscribed by the witnesses." (Italics supplied.) It follows that there is a distinction in section 348 by the use of the word " must " with respect to objections and of the word " may " with respect to the taking of testimony and it follows that the statute does not require that any testimony or other evidence be taken at the hearing.

Not only, therefore, was there no evidence taken at the hearing in the case, but there is no statutory direction for the taking of evidence and this court, accordingly, cannot review the questions of fact sought to be raised by the petitioner.

It is only where the determination under review was made as a result of a hearing held and at which evidence was taken pursuant to statutory direction that the court is required to make an order directing the proceedings to be transferred for disposition to a term of the Appellate Division (*Matter of Doherty* v. *McElligott, supra*).

Judicial review of the facts is limited by statute to the competence and weight of the evidence before the town board. The court, therefore, may not retry the case as the petitioner here urges. In *Matter of Newbrand* v. *City of Yonkers* (285 N. Y. 164) the Court of Appeals discussed at length the rules governing the review of determinations of public bodies or officers

in connection with a finding by the trustees of a police pension fund that a policeman had not died from injuries received in the course of duty. It said at pages 177–178: "Where the law imposes upon a body or officer the duty to make a determination after a hearing, the court, in reviewing a determination so made in proceedings instituted under article 78 of the Civil Practice Act, may not substitute its determination, based upon evidence presented to the court, for the determination made by the body or officer clothed with judicial or quasi-judicial power based upon proof presented at the hearing previously held before the Board or officer. The determination in this case by the Board of Trustees that the police officer's death was not the result of antecedent injury might be challenged on the ground that it was capricious, biased and prejudiced or was otherwise tainted by illegality or was not sustained by substantial evidence presented at the administrative hearing and the court had authority to decide the issues raised by such a challenge. Upon the hearing before the court, the definition of the powers of the court and of the questions it may determine, contained in sections 1295 and 1296, must be observed. Where the questions that may be determined upon the hearing before the court involve issues of fact, new evidence relevant to such issues may be presented and must be considered by the court. Such issue of fact may be involved where the claim is made that an act is arbitrary or a determination is the result of prejudice. Upon *that* issue in this case the referee might properly take evidence extraneous to the record of the proceedings before the Board of Trustees. A court or referee has no power, however, under the statute, to substitute new findings of fact based on evidence presented to it in place of findings made by the Board, upon whom the duty of determining the facts was placed by law, or even to take new evidence in regard to those facts where a hearing has been held as required by law."

It follows that while this court might take evidence and make findings on any question as to whether the town board's determination was arbitrary or prejudiced, it may not take new evidence or make new findings on the question decided by the town board. It is the town board, not this court, "upon whom the duty of determining the facts was placed by law". There is nothing in the record indicating that the board's determination was capricious, biased and prejudiced or was otherwise tainted with illegality.

The petitioner here was not a party to the original proceeding. Those who were parties to the original proceeding offered no evidence to the town board to support allegations of their petition which were controverted in writing. The town board, therefore, would have been justified and had the power to deny its consent without going any further, merely for failure of those petitioners to prove that the petitioners constituted the required majority.

However, there was evidence before the town board that the petitioners did not constitute the required majority. That evidence was, as a matter of fact, the only evidence — the report of the examination of the election registration records — and on that evidence, the town board based its decision. The report as to the election registration records was competent evidence upon which the town board might make its findings. Section 157 of the Election Law, which applies to the area in question, requires the registration of all persons who the election inspectors are satisfied are qualified. The presumption is that the register is correct (*Matter of Matthews,* 143 App. Div. 561). As a public record required by law to be kept by a public officer as a part of his official duties, the register of voters is competent evidence of the facts which it records (*Tenement House Dept. of City of N. Y.* v. *Weil,* 76 Misc. 273). There was, therefore, competent evidence before the town board on the question in issue and in the language of the *Newbrand* case (*supra*): " this * * * court * * * has no power * * * under the statute, to substitute new findings of fact based on evidence presented to it in place of findings made by the Board * * * or even to take new evidence in regard to those facts where a hearing has been held as required by law." The court may not take the new evidence submitted by petitioner or make new findings.

It is not necessary to pass upon all the contentions raised. It is sufficient for this court to say that its jurisdiction is limited by section 1296 of the Civil Practice Act and that section and the situation here presented precludes any review of the facts. There is no evidence that the town board was arbitrary or prejudiced. This court may not retry the question decided by the town board on competent uncontroverted evidence. The petition, therefore, is dismissed, without costs.