In the Matter of BOYKIN C. WRIGHT, Petitioner, against CHARLES E. RANSOM et al., Constituting the Town Board of the Town of Oyster Bay, Nassau County, Respondents.— By petition, dated April 1, 1952, under section 348 of the Village Law, 36 of 286 residents, the owners of a majority of the property in value of two certain parcels, asked for annexation of the territory to the Village of Muttontown, Nassau County. At the hearing before the Town Board of Oyster Bay, no written objections to the proposition for annexation were filed, no one appeared in opposition thereto, and no testimony was taken. On April 29, 1952, the town board refused to give its consent to the petition. The reasons stated by the town board for its refusal were that: (1) the members of the board may challenge the sufficiency of the petition even in the absence of written objections; (2) the boundaries of the territory intended to be annexed are vaguely described in the petition; (3) the persons signing the petition did not

constitute a majority of the persons residing within the territory, qualified to vote for town officers; (4) the exclusion of certain territory between the two parcels of property sought to be annexed would leave the omitted area isolated from the rest of the town in virtual governmental isolation; (5) it would not be in the best interests of the town to grant the application for annexation. This article 78 proceeding, brought by one of the signers of the petition for annexation to review the determination of the town board, has been transferred to this court pursuant to section 1296 of the Civil Practice Act. Determination annulled, without costs, and application granted directing respondents to execute consent to the petition, as required by section 348 of the Village Law, without costs. While the members of the town board may consider objections to the petition for annexation even in the absence of written objections by others, the objections which may be raised must be confined to the four mentioned in subdivision 2 of section 348 of the Village Law. In our opinion, where the petition is signed by one of the majorities mentioned in the statute, the fact that it is not signed by the other or that there is opposition from the other majority is immaterial. Nolan, P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.