In the Matter of BOYKIN C. WRIGHT, Respondent, against CHARLES E. RANSOM et al., Constituting the Town Board of the Town of Oyster Bay, Nassau County, New York, Appellants.

Argued June 3, 1954; decided July 14, 1954.

*Michael J. Sullivan* and *Theodore Summers* for appellants. I. The town board may consider objections to the petition even in the absence of written objections by others. II. The town board properly refused its consent to the petition, since it was not signed by a majority of the persons residing within the

territory to be annexed qualified to vote for town officers. III. It is the intent of the Legislature to guard the right of resident electors to be heard on the question of annexation. IV. The objection of the town board related to the form and content of the petition and was proper.

*George W. Foley* and *Chauncey B. Garver* for respondent. The signing of the petition by the owners of a majority in value of the assessed property complied with the statute. It is immaterial that it was not signed by a majority of the qualified voters. (*Matter of Repper* v. *Patterson*, 306 N. Y. 683; *Jarl Co.* v. *Village of Croton-on-Hudson*, 258 N. Y. 303.)

Fuld, J. In April of 1952, a petition for the annexation of territory to the Village of Muttontown was filed, pursuant to section 348 of the Village Law, for submission to the town board of the Town of Oyster Bay for its consent. The petition was signed by the owners of a majority in value of the property sought to be annexed. The town board refused its consent to the petition for annexation setting forth several '' reasons '', one of them being that '' it does not appear that the persons signing the petition constitute a majority of the persons residing within such territory qualified to vote for Town officers.''

At the hearing held by the town board, no qualified voter in the territory appeared in opposition to the petition, no written objections were filed and no objections were raised by the board. Indeed, no evidence or testimony was taken, the only items before the board being the petition and petitioners' affidavits and maps. Following the board's action refusing its consent, one of the petitioners brought this article 78 proceeding to review the determination. The Appellate Division, which entertained the application in the first instance, unanimously annulled the determination and directed the board to execute its consent to the petition for annexation.

The question presented by appellant board — whether it properly refused its consent for the reason that the petition was not signed by a majority of the qualified voters residing in the territory to be annexed — has already been answered in *Matter of Repper* v. *Patterson* (306 N. Y. 683); the court there explicitly noted '' that it is no longer necessary that a petition for annexation of a territory contain signatures both of owners of a

majority in value of the assessed property therein, and of a majority of the persons residing therein qualified to vote for town officers '' (pp. 685–686).

Despite that statement, the town board urges that '' the statute does not provide two equally balanced alternative procedures but requires that the signatures of a majority of the inhabitants qualified to vote  *  *  *  must be affixed to the petition.'' The board's point, shortly stated, is that a petition signed by the owners of a majority in value of the property is effective only if there are no persons residing in the territory sought to be annexed who are qualified to vote for town officers.

This precise argument was not made in *Repper (supra,* 303 N. Y. 683); it was not necessary to advance it, since the petition in that case was actually signed by residents of the territory in question. The reasoning and rationale, however, that there underlay our decision lead to the conclusion that the statute permits a petition by those owning a majority in value of the assessed property, *whether or no* there are any qualified voters residing in the territory.

The words '' if any '' that appear in subdivision 1 of section 348 — upon which the town board grounds its argument — are merely a carry-over from the time when the statute required that the petition be made and signed by both residents and landowners. This is the way the pertinent sentences read before the statute was amended to read as it does today (in the respect with which we are concerned) (L. 1915, ch. 257): '' A petition for such annexation, describing the territory, stating the number of inhabitants thereof, and signed by a majority of the persons residing therein, *if any,* qualified to vote for town officers, [and also] by the owners of a majority in value of the property therein, assessed upon the last preceding town assessment-roll, may be presented to the board of trustees of such village.  *  *  *  Such petition must be verified by at least three persons signing the same to the effect that the petitioners constitute a majority of the qualified electors, *if any,* of such territory, [and] that the petition represents a majority in value of the property as above described.'' In 1927, the provision was changed — concededly to provide for annexation upon the petition of either majority (see, e.g., *Jarl Co.* v. *Village of Croton-on-Hudson,* 258 N. Y. 303, 306) — to substitute '' or ''

for the bracketed " and also " in the first sentence and " and " in the second. A regard for precision should have dictated elimination of the phrase " if any " in the two places where it appeared, but nothing may be made to turn upon the failure of the draftsman to delete it. The purpose of the amendment was to sanction alternative procedures, and that was deemed effected by the substitution of the word " or " for the word " and ". The " if any " remained only as an overlooked and unnecessary vestige.

In sum, section 348 of the Village Law enumerates the objections that may be taken to a petition for annexation. The town board merely performs the ministerial function of determining whether the petition complies with the statute. Since no one of the four specified statutory objections were here advanced or proved, the board had no alternative but to grant the requested annexation.

The order of the Appellate Division should be affirmed, with costs.

LEWIS, Ch. J., CONWAY, DESMOND, DYE, FROESSEL and VAN VOORHIS, JJ., concur.

Order affirmed.