Mario Pittoni, J.
This is an application pursuant to article
78 of the Civil Practice Act for an order compelling the Town Board of the Town of Oyster Bay, Nassau County, to execute its consent to a petition submitted to it under section 348 of the Village Law, for the annexation of certain territory in the town to the adjoining Incorporated Village of Laurel Hollow.
The petition was filed with the town clerk on January 12, 1955, a hearing was held on February 15, 1955, and on October 20, 1955 the Town Board rendered its decision refusing its consent to the petition.
Thereafter, on or about February 17, 1956, the petitioner began this proceeding. However, numerous adjournments were had upon stipulations that the adjournments would not affect any rights which the parties would otherwise have had. In fact, many of the adjournments were for the purpose of awaiting *252 determination in the higher courts of appeals in a similar proceeding, namely Matter of Gutter v. Herman (2 A D 2d 782 [2d Dept.], affd. 3 N Y 2d 334). Both courts held in the Gutter proceeding that chapter 818 of the Laws of 1954, which purported to give the Town Boards of Nassau County the power to determine whether the annexation of town territory to villages was in the public interest, was unconstitutional; and that the function of the Town Board was merely to determine whether the petition complied with the statute.
Excluding, therefore, all reference to the Nassau County Civil Divisions Act (as amd. by L. 1954, ch. 818), the reasons advanced by the Town Board (“ Second” through “ Fifth”) in their determination of October 20, 1955 must be disregarded. Since the remaining finding is ‘ ‘ First: that the petition for the proposed annexation of territory to the Incorporated Village of Laurel Hollow is in due and proper form and complies with the requirements of law pertaining thereto ”, it must be inferred that the petition complied with section 348 of the Village Law.
In the answer to the petition in this proceeding the Town Board does not deny that the public hearing was advertised, held and concluded as required by law. Therefore, the attempt to raise such matters now, particularly when the Town Board was charged with the duty of posting notices, designating the place and conducting the hearing, cannot succeed. Moreover, it appears that the purpose of the statute to give all residents who desired to object the opportunity to be heard was fulfilled.
The other arguments raised by the Town Board do not have sufficient substance to warrant further discussion. It is sufficient to say that they are extremely technical but unsubstantial contentions raised at this late date to further delay and perhaps thwart the will of the People who have depended upon this proceeding to realize the eventual fulfillment of their objective.
Under the present state of the law, since the Town Board found that the petition for annexation satisfied all of the requirements pertaining to the annexation of the territory to the incorporated village, the Town Board’s only remaining function is a ministerial one, to consent to the annexation, in accordance with Matter of Wright v. Ransom (307 N. Y. 317).
The petition of John J. Roreck, dated September 5, 1957, for leave to intervene at this late date is denied.
Accordingly, the application is granted.
Settle order on notice.