*287
 
 Irving H. Saypol, J.
 

 Defendants, appearing specially, move for an order vacating the service of the summons and complaint. Actually they seek the dismissal of the complaint, contending that the institution of this suit is unauthorized, and that plaintiff lacks capacity to sue. In fact, that ground is urged for dismissal pursuant to rule 107 of the Rules of Civil Practice. Consequently the special appearance must be overruled (Civ. Prac. Act, § 237-a).
 

 The person verifying the complaint is the sole officer and director of the plaintiff corporation. At the time of the verification the remaining officers and directors had resigned. No defendant is a stockholder of record. Upon this record it is established that the business and affairs of the plaintiff corporation were surrendered to and are now in the sole charge of the single remaining officer and director.
 

 Defendants rely on
 
 Tidy-House Paper Corp.
 
 v.
 
 Adlman
 
 (4 A D 2d 619). That authority supports the plaintiff’s contention. There each of two individuals owned 50% of the stock of the corporation and the control of the board of directors was equally divided between them. While there it was stated that failure to seek approval of the directors for institution of suit is the same as though approval had been expressly refused, approval here if one there be, must rest in the action of the sole remaining officer and director, and the question is therefore raised whether authority to institute this suit may be thus presumed. Apparently no stockholders’ agreement exists for none is referred to which may have any effect upon the resolution of this issue. Since the entire management and operation of the company was left to the remaining officer and director, it was his authority and responsibility to institute suits for the protection and preservation of the business and assets of the company, and strangers to the corporation may not be permitted to question that authority
 
 (Rothman & Schneider
 
 v.
 
 Beckerman,
 
 2 N Y 2d 493;
 
 Matter of Paloma Frocks [Shamokin Sportswear Corp.]
 
 3 N Y 2d 572-575, 576). Since none of the defendants is an officer, director or stockholder of the corporation, the rule of equal control does not apply and the right to invoke the rule was voluntarily surrendered.
 

 The motion is denied.