Marcus Gr. Christ, J.
In a proceeding pursuant to article 78 of the Civil Practice Act, the respondent Town Board of the Town of Oyster Bay moves to dismiss the petition pursuant to section 1293 of the Civil Practice Act.
The petitioner alleges that as a resident of Woodbury, Town of Oyster Bay, New York, he appeared on August 13, 1958 at a hearing called by the respondent pursuant to section 348 of the Village Law to consider the annexation of certain territory to the Village of Mnttontown, that he objected to the petition on certain grounds (§ 348, subd. 2, pars, b, c, d), that by his attorney he requested an adjournment of 10 days to determine the assessed valuation of the area involved but the request was denied.
It is contended that (1) the refusal to grant an adjournment was arbitrary and unreasonable and (2) it was incumbent upon the respondent to investigate the facts raised by the objections.
The petition is insufficient. The respondent pursuant to section 348 is required to have a hearing from 10 to 20 days after the posting of notices to that effect. At the hearing, objections to the verified petition — in which the signers swear that they are a majority of the persons residing in the affected area, or are the owners of a majority in value of the property therein — are considered and testimony may be taken. The section permits but does not require the respondent to adjourn the hearing. The purpose of requiring a period of 10 days to elapse between the posting of the notices and the hearing is to enable objectants some time to obtain factual evidence to support the objections specified in section 348. Absent facts to support the request for an adjournment (1) at the hearing or (2) in the petition, it must be held that the petition herein is insufficient.
The Town Board in an annexation proceeding pursuant to section 348 “ performs the ministerial function of determining whether the petition complies with the statute ” (Matter of Wright v. Ransom, 307 N. Y. 317, 321). In the absence of proof to contradict the averments of the verified petition ‘ ‘ the board had no alternative but to grant the requested annexation ” (Matter of Wright v. Ransom, supra, p. 321).
Motion to dismiss the petition granted.