Bernard S. Meyer, J.
Petitioners seek by this article 78 proceeding to compel tbe Presiding Supervisor of tbe Town of Hempstead to advertise and bold a hearing on petitioners’ application for incorporation of the proposed Village of Atlantic Beach. An earlier motion by respondent to dismiss the petition was denied, and an appeal from that order dismissed (7 A D 2d 847). Bespondent then answered and the parties having stipulated that the documents annexed to the petition are true copies of the papers delivered to respondent on September 24, 1958, that the documents were returned, and that no notice was posted or published (see Village Law, § 4), petitioner now moves for a final order on the pleadings. Bespondent contends that triable issues of fact have been raised as to the sufficiency of the papers and that the papers submitted are so patently insufficient as not to warrant a hearing.
The motion and the prayer of the petition are granted. Insofar as the answer seeks to raise the same objections urged on the earlier motion, the decision on the earlier motion is the law of the case. In any event, those objections and the other separate defenses set forth in the answer are insufficient for the reason that the functions of the supervisor under sections 4 and 5 of the Village Law upon presentation to him of documents *618 which on the face thereof meet the requirements of section 3 of the Village Law are ministerial only. The plan of the statute is clear and direct. It sets forth the form of the proposition and the form of the owners’ consent which are to be followed in substance, enumerates the number of persons necessary to institute the proceeding and the number of consents to be obtained, and sets forth the qualifications of each, and requires the deposit of $100 to defray necessary disbursements, traveling expenses and stenographer’s fees for the purposes specified in the law. It then calls for publication and posting of notice of a hearing within 20 days after receipt by the supervisor of the proposition, the holding of a hearing within 20 to 30 days after posting, which hearing must be concluded within 20 days, the rendition of a decision within 10 days after hearing, appeal within 10 days after decision to the County Court, which appeal is brought on by notice of not less than 10 nor more than 20 days, and which must be decided by the County Court Judge within 10 days after argument. The objections that may be urged at the hearing are specified in section 5 of the Village Law and relate to the qualifications of the proponents or consenting owners or to the area or population of the proposed village. The statute requires written and signed objections to be filed, calls for testimony which shall be reduced to writing and subscribed by the witnesses and states, “ The burden of proof is on those raising objections ”. The determination which the supervisor makes (§ 6) is “whether the proposition, consent and papers filed therewith comply with ” the law. Sections 4 and 5 provide that the supervisor ‘ ‘ shall ’ ’ post and publish and “ shall” hear objections, language classically regarded as mandatory.
It may be assumed without deciding that the supervisor would not be required to perform a nugatory act, and that, therefore, if the proposition or consent were clearly bad in form, or less than the requisite number of signatures had been affixed to the respective documents, or the required deposit had not been made, this court would refuse to order the supervisor to hold the statutory hearing. But is obvious from a reading of the statute (1) that the Legislature intended the proceeding to be summary in nature, (2) that objections of the nature now urged by the supervisor are to be made in that proceeding, and (3) that the supervisor’s determination of compliance of a petition which on its face meets the formal requirements of the statute is to be made only after a hearing. Clearly, therefore, the supervisor may not reject the documents, refuse to *619 give notice of hearing, and thus force petitioners to come into this court, for this would reverse the statutory scheme and cast upon the proponents of incorporation the burden of proving affirmatively that which under the statute the objectors must negate.
Decisional support for the court’s construction of the statute is to be found in Matter of Wright v. Ransom (307 N. Y. 317) and Matter of Cutler v. Herman (3 N Y 2d 334). Both involved petitions for annexation of territory to a village under section 348 of the Village Law. The provisions of that section closely parallel those of article 2 of the Village Law relating to incorporation. In Matter of Wright the Court of Appeals held that no objection having been made at the hearing on an annexation petition, the Town Board had no alternative but to consent to the annexation. In so holding it stated (p. 321): “ The town board merely performs the ministerial function of determining whether, the petition complies with the statute ’ ’ and on a similar holding in Matter of Cutler that language is quoted and applied.
It appearing, therefore, that the objections urged by respondent are without support in law and do not involve a triable issue of fact, the prayer of the petition is granted. Settle order requiring the respondent, upon service of a copy of the order with notice of entry, to accept the documents previously filed with him by petitioners and thereafter within the period required by sections 4 and 5 of the Village Law to proceed with publication, posting and hearing.