Arthur D. Brennan, J.
In this proceeding, brought pursuant to article 78 of the Civil Practice Act, the petitioners seek to review and annul a determination of the Town Board of the Town of Ramapo, Rockland County, which denied an application for the consent by said Town Board to a petition for the annexation of certain territory therein described to the Incorporated Village of Spring Valley, and to direct the members of said Town Board to execute their consent to said petition, pursuant to section 348 of the Village Law.
It has now been firmly established that a petition for the annexation of town territory to a village may be made by either a majority of the inhabitants residing in said territory who are qualified to vote for town officers or by the owners of a majority in value of the assessed property located in said territory; both majorities are no longer required. (Matter of Wright v. Ransom, 307 N. Y. 317.) And it has also been held that on an application for a consent to such annexation, pursuant to section 348 of the Village Law, the Town Board merely performs the ministerial *92 function of determining whether the petition complies with the cited statute and that in the performance of said function, the Town Board is confined to a consideration of the objections specified in said statute. (Matter of Cutler v. Herman, 2 A D 2d 782, affd. 3 N Y 2d 334; Matter of Wright v. Ransom, supra.)
In the proceeding at bar, the premises owned by the petitioners herein consist of an irregularly shaped parcel which has a frontage of about 200 feet along the easterly side of Slinn Avenue; a depth, on the north, of 465.09 feet; a depth, on the south, of approximately 477 feet; and a reduced' width, in the rear or on the easterly side thereof, of 84.81 feet. This parcel does not adjoin the village line of the Village of Spring Valley but is separated from said line by that portion of Slinn Avenue which lies between the easterly village line and the front or westerly line of the petitioners’ premises.
In determining whether the petition for annexation complies with section 348 of the Village Law, the Town Board must be satisfied that the persons who signed the petition were qualified to do so; that those who signed constitute one of the alternative majorities above mentioned; and that the petition substantially complies in substance and in form with the provisions of the aforesaid section. In- order that the board may find that the petition complies with the substantive requirements of the cited section, it must appear, among other things, that the town area sought to be annexed to the village constitutes a “ territory ” within the meaning of said section and that the subject-area adjoins the village to which said area is sought to be annexed.
Although the respondents have not challenged the assertion that the subject area constitutes a “territory” within the meaning of the aforesaid section, it may be noted that the term ‘ ‘ territory ’ ’ is not a word of art but that said term is defined broadly as meaning a large extent or tract of land; a region; a district; and it also means the extent or compass of land and the waters thereof within the bonds of or belonging to the jurisdiction of any sovereign, State, city or other municipal body. (86 C. J. S., Territory, pp. 647-648.) Assuming, without deciding, however, that the relatively small parcel which the petitioners herein own constitutes a “territory” within the meaning of the cited section, this court is, nevertheless, of the view that the subject area consisting of the petitioners’ parcel together with the small portion of Slinn Avenue which lies between the said parcel and the easterly line of the Village of Spring Valley, does not constitute a territory which adjoins the Village of Spring Valley. It is this court’s opinion that where, *93 as here, the village line runs along one side of a portion of a road owned or claimed to be owned by a town, and the petitioner’s property lies and is located along the other side of said road, then the entire tract consisting of the petitioner’s lands and the portion of the intervening road upon which the same abut, cannot be held to adjoin the village (to which the subject tract is sought to be annexed) until and unless the pertinent portion of the aforesaid road has been first annexed to the village pursuant to the provisions of section 348-d of the Village Law. In this court’s Anew, to hold otherwise would deprive an adjoining village of its right to decide whether it does or does not wish to annex to itself any town highway or portion thereof Avhich lies immediately adjacent to one of its borders and would seriously interfere with the village’s choice and freedom of action on the matters of the control, care and maintenance of adjoining county or toAvn roads and highways, including any municipal utilities located herein, as Avell as the matter of responsibility for the proper and careful maintenance of all of the same.
In the circumstances here present, this court is of the opinion that in denying the petitioners’ application for the ToAvn Board’s consent to the annexation of the subject territory to the Village of Spring Valley, the said board properly held that that portion of Slinn Avenue which liés between the village line and the petitioners’ property should be excluded from, and should not be considered as part of, the territory sought to be annexed, Avith the result that the remainder of the subject territory did-not adjoin the Village of Spring Valley. In addition, the respondent board also properly held that the petition for annexation did not comply with section 348 in that Ida Glasgow, one of the signers of said petition, failed to therein state opposite her name the assessed valuation of the property owned by her in said territory.
The two above-mentioned objections found to exist by the board are held valid and are sustained. In view of this holding, the remaining objections contained in the board’s decision herein have not been considered. The two afore-mentioned objections constitute an adequate and reasonable basis for the board’s determination that the petitioners failed to comply with the provisions of the statute and that the consent prayed for be denied.
Accordingly, this application is denied and the petition herein is dismissed, but without costs.
Settle order on notiee.