Harold E. Simpson, J.
This is a proceeding under article 78 of the Civil Practice Act to review a determination of the Town Board of the Town of Horseheads consenting to the annexation of certain territory in the township into the incorporated Village of Horseheads.
Certain petitioners acting in pursuance of section 348 of the Village Law filed with the Town Board of Horseheads a petition for such annexation. The petition for annexation shows that there were 21 inhabitants of the territory sought to be annexed qualified to vote for town officers and, therefore, qualified to petition for annexation; 11 of these qualified voters signed the petition, 10 did not. The petition further shows that the total assessed valuation of the property to be annexed, on the last preceding assessment roll, was $55,700 and that the total assessed valuation of the property on the last preceding assessment roll, belonging to the petitioners for annexation, was $32,000.
The petition was filed on January 5, 1960 and a hearing was held as provided by law before the Town Board upon the petition for annexation on the 20th day of January, 1960. Opponents to the annexation appeared at the hearing and registered their protests.
One of the grounds of protest and the basis for this proceeding was that one of the signers of the petition for annexation, Ernest Dunbar, died on January 10, 1960, between the time of the signing and filing of the petition and the date of the hearing January 20, 1960 and that the petition for annexation did not comply with section 348 (subd. 2, par. b) of the Village Law in that the persons signing the petition did not constitute the majority of the qualified voters living in the territory to be annexed.
*348 The petitioners in this proceeding, John I. Slaughter and Marjorie M. Slaughter, claim that unless the petition is signed both by the majority of qualified voters and by the owners of a majority of the assessed valuation in the territory to be annexed, the Town Board is not required to give its consent.
The petition shows that Ernest L. Dunbar and Sarah Dunbar owned property in the territory to be annexed assessed on the last assessment roll at $6,900.
No question has been raised that at the time of the hearing on January 20, 1960, the living petitioners for annexation did constitute the owners of a majority in value of the property as assessed upon the last preceding town assessment roll.
The petitioners here claim, as appears to be true, that the Town Board was reluctant to give its consent to the annexation and did so only because it was advised and believed that all legal requirements had been met in the execution and filing of the petition and it had no discretionary powers in the matter and was obligated by law to give its consent.
The members of the Town Board had neither legislative nor discretionary power with respect to the proceedings. Their duty was strictly administrative or quasi-judicial. Their powers were limited to a determination whether the petition complied with provisions of section 348 of the Village Law. If the petition, after due hearing, was found by the board to be insufficient, it was powerless to consent to the annexation. If the petition, after due hearing, was found to be sufficient it was required by law to consent to the annexation. (Village Law, § 348, subds. 2, 3.)
In Matter of Wright v. Ransom (282 App. Div. 953, affd. 307 N. Y. 317) the direct issue was squarely passed on. It was there directly held that where petition was signed by the owners of the majority in value of the property sought to be annexed, the Town Board could not reject the petition because the petition was not signed by the majority of the persons residing in the territory qualified to vote for town officers.
Since it appears that both at the time of the filing of the petition and at the time that the Town Board took action thereon the petition contained the names of the owners of a majority in value of the property sought to be annexed, the Town Board was required to consent to the annexation.
It is, therefore, unnecessary to determine whether the majority of voters in the territory to be annexed failed because of the death of Ernest Dunbar prior to the hearing and action by the Town Board.
*349 The Board of Trustees of the town “under protest ” gave their consent to the annexation ‘1 only to the extent as required by section 348 of the Village Law in that the said petition as filed and at the time it was made technically complies with the provisions of section 348 of the Village Law at the time the petition was submitted”. The Town Board, by its protest, apparently attempted to voice its objection to legislation which permitted the taking of the town’s territory and taxable property without any power on its part to oppose. The protest does not affect the consent which the Town Board was required to give in any event.
The petition in this proceeding must be dismissed and the determination of the Town Board which has been attacked, confirmed.