William R. Brennan, Jr., J.
The motion for a temporary injunction herein is denied.
The basic facts are not in dispute. Atlantic Beach to the extent it is affected by this litigation is a narrow strip of land bounded on the north by Far Rockaway Bay (Reynolds Channel), on the south by the Atlantic Ocean, and on the east and west by land areas not here involved. One block north of the ocean is a wide street known as Ocean Boulevard running east and west for the entire length of the strip. The area between Ocean Boulevard and the ocean itself is occupied for business and commercial purposes only. The plaintiffs herein own property and operate their enterprises in this area, hereinafter to be referred to as the “ disputed area By far the larger portion of Atlantic Beach as above described lies north of Ocean Boulevard and that portion is essentially residential in character. It mil be hereinafter referred to as the ‘ ‘ residential area”. The defendants fall into two groups; to wit, (1) the Presiding Supervisor of the Town Board of the Town of Hempstead and members of the board, and (2) the remaining defendants who are residents of the residential area and are the persons who have executed a proposition for the incorporation of the residential area and the disputed area together as a fourth class incorporated village. They will be hereinafter referred to as the “ incorporators ”.
In 1958 certain of the incorporators presented to the Presiding Supervisor of the Town of Hempstead the aforesaid proposition for the incorporation of the Village of Atlantic Beach pursuant to article 2 of the Village Law. As already stated, this proposition would include the entire strip of land herein-before called Atlantic Beach. Upon the Presiding Supervisor’s refusal to act upon the said proposition, a proceeding was brought under article 78 of the Civil Practice Act to compel him to comply with the requirements of the Village Law. That litigation resulted in an order made by Mr. Justice Meyeb of this court on March 6, 1959 granting the relief sought, directing the respondent supervisor to accept the documents filed with him, and thereafter to proceed with publication, posting and hearing as required by the Village Law (Matter of Tarter v. Larkin, 18 Misc 2d 617). His order was affirmed by the Appellate Division, Second Department, without opinion on July 6, 1959 (8 A D 2d 943), and by the Court of Appeals on April 21, 1960 (8 N Y 2d 718).
That proceeding directly involved the application of article 2 of the Village Law to the proposition for incorporation which *513 is the subject of the instant action and motion. It resulted in an unequivocal determination requiring the defendant Larkin herein to receive the proposition and to initiate the procedures required by article 2. The present litigation seeks a decree which would restrain the filing or prosecution of the proceedings for incorporation and in effect stay compliance by the Presiding Supervisor and Town Board with the order of Mr. Justice Meyer affirmed by the Court of Appeals.
The contest herein is between the plaintiffs and the incorporators. The Supervisor and Town Board take no position and merely confirm that nobody residing in the disputed area and no owner of property in the disputed area has signed the petition for incorporation.
[it is fundamental that absent any constitutional impediment imposed by the People, the Legislature is vested with absolute power in the general field of subordinate municipal corporations. (Bank of Chenango v. Brown, 26 N. Y. 467; City of New York v. Village of Lawrence, 250 N. Y. 429; N. Y. Const., art. IX, § 9.)
Pursuant to this and the provisions of earlier Constitutions, the Legislature has prescribed the procedures for and limitations upon incorporation of villages (“ Since January 1, 1875, all villages have been incorporated pursuant to general law” [McKinney’s Cons. Laws of N. Y., Book 63, Village Law, p. XI]).
All of the procedures for incorporation taken in this case to date comply with the statute. The decision of the Court of Appeals in Matter of Tarter v. Larkin, referred to above, is determinative of that fact.
However, the plaintiffs complain that the statutory provisions afford them no method of challenge or right to vote in the incorporation proceedings next to follow under the statute. This court lacks power to impose new requirements or change requirements already imposed by the Legislature in the discharge of its legislative functions. That the Legislature has not in its enactment of the Village Law given persons in the position of the plaintiffs a right to stay incorporation does not mean that the failure so to do renders the law unconstitutional. No authority has been cited or found in this jurisdiction which so holds. /
On the other hand, there is ample authority that no constitutional right 'is invaded when incorporation proceeds without the consent or against the objection of those whose property is incorporated.,
In Stephens v. Minnerly [3 Hun 566), the court dissolved an injunction granted below which restrained proceedings, to incor *514 porate the Village of North Tarrytown. One of the grounds of objection, as in the case at bar, was that the defendants’ proceedings would be especially injurious to plaintiffs since they would be subjected to burdens of local government disproportionate to any possible benefits. As the court said (pp. 567-568): “ The plaintiffs, if injured at all, will suffer only in a manner common to the rest of the villagers, with an unascertainable difference in degree; and, therefore, under well settled rules of law, their action must fail. ’ ’
In People ex rel. Village of Spring Valley v. Schroeder (189 Misc. 324, 326, affd. 273 App. Div. 789), the court, in construing section 348-a of the Village Law, stated: “ Municipal corporations are created by the State as a convenient agency for exercising such powers in local government as may be entrusted to them. The State may therefore prescribe the manner in which and the method by which its legislative creatures may be created, enlarged, contracted or dissolved. In outlining the method to be adopted, the State may act with or without the consent of the citizens of the larger area out of which is carved the municipality in question (Hunter v. Pittsburgh, 207 U. S. 161).” And in Opinions of the State Comptroller (19 Op. St. Comp., 1953, pp. 16, 18), we find the succinct statement, “ Property owned by the persons objecting to the annexation thereof as part of village territory may be annexed to village upon compliance with section 348 of the Village Law.”
Basically, the plaintiffs’ greatest fears and objections are that the disputed area will, as part of an incorporated village, be subjected to undue, disproportionate and burdensome taxation and regulation. For any abuse of power, whether of taxation or regulation, that may occur, plaintiffs will not lack redress. Certainly there is no evidentiary showing that the village authorities will, if and when a village is established, engage in unlawful acts. Nor is there any such proof of threatened violation of law and due process as to activate the injunctive process at this point.
Finally, it is one of the essentials for the granting of a temporary injunction that a meritorious cause of action be stated (Weisner v. 791 Park Ave. Corp., 6 N Y 2d 426, 431, 434). Plaintiffs have not borne their burden in this respect, nor have they established a plain right to injunctive relief from undisputed facts (Pine Hill-Kingston Bus Corp. v. Davis, 225 App. Div. 182, 183). Further, the plaintiffs obviously seek to maintain this suit upon the ground that apprehended acts of the defendants would produce irreparable injury to them and their property. Insofar as the defendants 'Supervisor and Town *515 Board members are concerned, their threatened acts are those mandated by statute and the Tarter decision. That they propose to proceed in accordance with law is not such a threat as would merit injunction. The remaining defendants are alleged to entertain a purpose to so act in the future, after incorporation of the village (if i,t is in fact incorporated) as to harm the plaintiffs. There is a wholly inadequate showing to support any of the plaintiffs-’ conclusions in this respect; the court will not presume that the village authorities when established will violate law or due process; and adequate remedies will then exist. Absent proof that great or irreparable injury is threatened, the mere allegation that it is will not support a preliminary injunction (Brass v. Rathbone, 153 N. Y. 435, 442).
There is no authority for the granting of the alternative relief, namely, the deleting of the disputed area from the proposition for incorporation prior to its filing. This branch of the motion is likewise denied.