Hugh S. Coyle, J.
In this article 78 proceeding, petitioners request that an order be granted annulling the determination of the respondent board in refusing its ministerial consent to the annexation of the land described in the petition, to the Village of Ardsley, and directing that its consent to the annexation be granted.
Petitioners are the owners of a 25-acre parcel of property with a building thereon known as the Ardsley Junior Senior High School. Seventeen acres are in the Village of Ardsley and about 8 acres are in the unincorporated area of the Town of Green-burgh. The town-village boundary line runs through the school building.
It is alleged by petitioners that the boundary line dividing the school property creates a serious problem of jurisdiction as to police and fire protection, with resultant danger and hazard to the school children. After careful study and consultation with the officials of the Village of Ardsley and the Town of Green-burgh, petitioners concluded that the best interests and safety of the school children and property would be served by annexation to the Village of Ardsley, of that portion of the school property, approximately 8 acres, which now lies in the unincorporated area of the Town of Greenburgh.
Petitioners, pursuant to section 348 of the Village Law applied to the Town of Greenburgh for consent to such annexation. On March 13, 1962, at a regular meeting of the Town Board of the Town of Greenburgh, its consent to the proposed annexation was refused upon the ground and for the reason that said petition does not comply in form or content with the provisions of section 348 of the Village Law of the State of New York in that the persons signing said petition do not constitute a majority of the persons residing within such territory qualified to vote for town officers; that the persons signing the petition do not represent *225 the owners of a majority of the value of the property within such territory assessed upon the town assessment roll; and that the provisions of section 348 of the Village Law do not empower the school trustees (petitioners) to act on behalf of Union Free School District Uo. 5 to petition for the annexation of school district property unless authorized by a vote of the qualified electors of the school district.
It appears that the property in question is in the custody and control of the Board of Education and that title is vested in the trustees. (See Education Law, § 414.) Under the circumstances, the petition does comply with section 348 of the Village Law, which requires the petition to be signed either by a majority of the residents within the territory to be annexed or representatives of owners of a majority in value of the property within the area to be annexed. Here we have a petition signed by those officials who are owners of the entire property to be annexed. Since the petition for annexation does not have the effect of divesting petitioners of title to or control of any of the property involved, the president and trustees of petitioner board were not required or permitted to submit the question of annexation to a referendum of the qualified voters of the school district, pursuant to section 1709 of the Education Law.
This court is of the opinion that pursuant to section 348 of the Village Law, respondent board has a ministerial duty to inquire into whether the petition is in proper form and signed by the parties authorized by law to present a petition for annexation, but once it finds that such is the case, respondent board has no discretion which would permit a denial of the petition.
The court finds that the petition is in all respects proper as to form and in compliance with section 348 of the Village Law and, therefore, the application is in all respects granted.