George F. X. MoIeteretey, J.
This is an appeal from the decision of the Supervisor of the Town of Southampton wherein he decided that the proposition, consent and papers filed therewith concerning the proposed incorporation of the Village of Hampton Bays did not comply with the Village Law.
Article 2 of the Village Law sets forth the form of the proposition and the form of the owners’ consents which are to he followed in substance, enumerates the number of persons necessary to institute the proceeding and the number of consents to be obtained, and sets forth the qualifications of each, and requires the deposit of $100 to defray necessary disbursements, traveling expenses and stenographer’s fees for the purposes specified in the law. It then calls for publication and posting of notice of a hearing within 20 days after receipt by the Supervisor of the proposition, the holding of a hearing within 20 or 30 days after posting, which hearing must be concluded within 20 days, the rendition of a decision within 10 days after hearing, appeal within 10 days after decision to the County Court, which appeal is brought on by notice of not less than 10 nor more than 20 days, and which must be decided by the County Court Judge within 10 days after argument. The objections that may be urged at the hearing are specified in section 5 of the Village Law and relate to the qualifications of the proponents or consenting owners or to the area or population of the proposed village. The statute requires written and signed objections to be filed, calls for testimony which shall be reduced to writing and subscribed by the witnesses and states: “The burden of proof is on those raising objections.” The determination which the Supervisor makes (§ 6) is “whether the proposition, consent and papers filed therewith comply with” the law. Sections 4 and 5 provide that the Supervisor “shall” post and publish and “shall” hear objections — ■ language classically regarded as mandatory. (Matter of Tarter v. Larkin, 18 Misc 2d 617.)
It is conceded that the area being a fire district and having a population not less than 500 qualifies it to incorporate under the Village Law.
In Matter of Tarter v. Larkin (supra) it was pointed out that the determination which the Supervisor makes is whether the proposition, consent, and papers filed therewith comply with the law, that the burden of proof is on those raisiñg the objections, and that the functions of the Supervisor under sections 4 and 5 Of the Village Law upon presentation to him of documents which on the face thereof meet the requirements of section 3 of the Village Law are ministerial only. Section 5 of the Village Law *436 provides the only objections to be advanced (Matter of Wright v. Ransom, 307 N. Y. 317).
There is no question that the proposition submitted met the requirements of section 3 of the Village Law. It contained more than the minimum of 50 adult freeholders whose sole residence is in the territory to be incorporated. Two choices as to the requisite consents are offered where there are 2,000 or more inhabitants of the territory; either the owners of one third of the assessed valuation of the territory must consent, or one half or more of the resident freeholders must consent. Where there are less than 2,000 inhabitants, the consents can be only by the owners of one third of the assessed valuation. In addition, a list of the inhabitants of the territory must be submitted. The appellants admit that they did not have signatures of the owners of property constituting one third of the assessed valuation of the territory. Accordingly they were, proceeding on the basis that there were 2,000 inhabitants or more and that they had signatures of one half or more of the resident freeholders. ■ There was much discussion before the Supervisor both as to the population figure and also whether one half or more of the resident freeholders signed the consent.
The reference in section 3 of the Village Law to the list of names of the inhabitants of the territory to accompany the proposition has been virtually unchanged in its wording going back to the Village Law of 1897. Certainly a list that is absolutely complete and accurate would be impractical to obtain and this court has concluded that a list that is substantially complete complies with the statute. The only apparent practical sources for such list are the assessment rolls, school census lists, and election lists. Admittedly the individuals on the list submitted for Election Districts Nos. 8, 17, and 20 of registered voters, a fortiori, are inhabitants, numbered over 2,000 and resided within the territory defined. Apparently the purpose for this list is to determine whether the population is over or under 2,000 inhabitants in order that it may be determined which of the alternate procedures should be used in accordance with section 3 of the Village Law. The court finds that the list is in substantial compliance with the Village Law and that the population is over 2,000 inhabitants. Accordingly the appellants were correct in proceeding by the alternate method of obtaining one half or more of the resident freeholders’ signatures on consents.
There is no relevance necessarily between the consents and the list. Names on the list of inhabitants might not be on the consents of the freeholders and names on the consents might not necessarily be on the list as inhabitants under section 3 of the *437 Village Law. Residence does not mean domicile. It is possible to have more than one residence. Section 3 of the Village Law acknowledges this when it refers to “ sole residence ” in its first sentence. The objectors have not sustained the burden of proof in accordance with section 5 of the Village Law which was to show that less than one half of the names on the consents were resident freeholders. One objector is enough to comply with the law but the burden of attacking the proposition, consents, and list, is on him.
The court may not retry the case or substitute its determination based upon evidence presented to the court or take new evidence on the question decided by the Town Board. (Matter of Sparling v. Patterson, 201 Misc. 737.)
In accordance with section 8 of the Village Law the order to be entered shall be final and conclusive.
The Supervisor of the Town of Southampton is hereby directed to approve the proposition, consents, and list as submitted and to proceed to hold the election as provided by law.