■ In the Matter of BENJAMIN LEHRER et al., Petitioners, v. EDWIN E. WALLACE et al., Constituting the Town Board of the Town of Ramapo, Respondents.— Proceeding by certain owners of real property in the Town of Ramapo, Rockland County, under article 78 of the CPLR: (a) to annul a determination of the Town Board of said town, made September 23, 1963 after a hearing, which refused its consent to a proposed annexation of certain territory in the town to the Village of Spring Valley, on the ground that said territory did not adjoin that village; and (b) to compel the Town Board to consent to the proposed annexation. By order of the Supreme Court, Westchester County, dated June 29, 1964, and entered June 30, 1964 in Rockland County, the proceeding has been transferred to this court for disposition. Determination of the Town Board annulled, with costs; petition granted; and the Town Board directed to execute its consent to the proposed annexation. As the annexation petition was made in 1963, the controlling statute is former section 348 of the Village Law (*Nebel* v. *Town of Ramapo,* 23 A D 2d 821). Under that statute the granting of consent to annexation was a ministerial act, if the petition complied with the statute's procedural requirements (Village Law, § 348; *Matter of Wright* v. *Ransom,* 307 N. Y. 317, 321; *Matter of Cutler* v. *Herman,* 3 N Y 2d 334, 338-339; *Nebel* v. *Town of Ramapo, supra*). As the only ground for the Town Board's refusal of consent was its finding that petitioners' property did not adjoin the village, the board would have to grant its consent if that

finding were incorrect (see *Matter of Wright, Matter of Cutler, Matter of Nebel, supra*). In our opinion that finding was incorrect. We find that petitioners' lands do adjoin the village, within the meaning of section 348 of the Village Law. The record clearly shows that petitioners own the record title to the east side of the bed of Union Road, which lies between the rest of petitioners' lands and the village boundary, which runs along the center of that road. The long-continued use of that road as a public highway did not divest petitioners of their title to the east side of the road; it merely created an easement for public use, and subjected that land to a servitude for highway purposes without affecting the ownership of the fee (see Highway Law, § 189; 11 McQuillin, Municipal Corporations [3d ed.], pp. 636–637, 809–811; *City of Cohoes* v. *Delaware & Hudson Canal Co.*, 134 N. Y. 397, 402; *Porter* v. *International Bridge Co.*, 200 N. Y. 234, 245–247). Even if it were assumed *arguendo* that the town had title to the bed of the east side of Union Road, petitioners' lands, within the meaning of section 348 of the Village Law, would still adjoin the village (see 2 McQuillin, Municipal Corporations [3d ed.], § 7.20; *Denver* v. *Commissioners*, 151 Col. 230; *Spaulding School Dist.* v. *Waukegan*, 18 Ill. 2d 526; *Vestal* v. *Little Rock*, 54 Ark. 321; *Garner* v. *Benson*, 224 Ark. 215; *Blanchard* v. *Bissell*, 11 Ohio St. 96; *Tovey* v. *Charleston*, 237 S. C. 475; *People* v. *City of Burley*, 86 Idaho 519; *Rice* v. *Englewood*, 147 Col. 33). Insofar as the case of *Matter of Lancaster City Ordinance* (374 Pa. 546) may hold to the contrary, it would seem to be against the weight of authority and we decline to follow it. The case of *Matter of Shulman* v. *Wallace* (18 Misc 2d 91), which seemingly holds to the contrary, is distinguishable on the facts. Beldock, P. J., Ughetta, Hill, Rabin and Benjamin, JJ., concur.