William J. Crangle, J.
This is a proceeding under article 78 of the CPLR to review a determination of the Town Board of the Town of Greenfield made after a hearing held under the municipal annexation law (General Municipal Law, art. 17). The Town Board has adopted an order in which it has disapproved the proposed annexation by the City of Saratoga Springs of territory located in the town and owned by the petitioners. The determination accompanies a finding that the petition does not substantially comply in form with the provisions of the municipal annexation law in three respects: (1) that the signatures on the petition are not properly authenticated, (2) that one of the petitioners, a corporation, failed to affix its seal as a part of its signature, and (3) that the City of Saratoga Springs is not a qualified petitioner since it was required to sit as a board of judges upon its own petition.
The petitioners are the owners of a majority of'assessed valuation of the property in the territory proposed to be annexed. There are three of them. As corporations their names appear on the petition by their principal officers, and a separate notary has signed a corporate form acknowledgement for each corporation. In the acknowledgements which are attached to the petition each notary certifies that the corporate officer stated under oath that he signed the petition by order of the corporation’s directing board. The acknowledgements are not appended at the bottom of the sheet upon which the signatures appear except for the one pertaining to Skidmore College. The other two follow on the succeeding two pages of a petition of several pages stapled together.
*584 The Legislature, obviously contemplating situations in which there would be large numbers of signers upon page after page of a petition, dispensed with the verification usually employed with petitions. It, instead, by subdivision 2 of section 703 of the General Municipal Law provided that “ The petition must * * * be authenticated as to all the signatures upon each separate sheet by appending, at the bottom of the sheet an affidavit of a witness as to the subscription thereof substantially as ” in a form set forth in the statute. The legislative purpose of simplifying the authentication procedure for large numbers of signers so that each need not appear before a notary is apparent. Since that problem did not here exist the petitioners have substituted evidence of authenticity of a higher quality than that required by the Legislature. Without the intervention of some unknown intermediary as a witness the principal officers of the petitioner corporations have themselves acknowledged their signatures to a notary whose certificate is attached. As in a deed of real property to be recorded these acknowledgements have been affixed in regular order as space on the pages of the petition permitted.
The use of the word 1 ‘ must ’ ’ by the Legislature does not necessarily mean that it intended to give a mandatory effect to the statute. Whether the Legislature intended strict compliance with any defect to be a fatal one or whether it drew procedural directions concerning which an inexact compliance might be considered a mere irregularity is to be determined from a reading of the whole statute in the light of the special circumstances it was designed to operate under. (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 177.) Here we are concerned with the authentication of signatures to a petition. Substantial compliance with the statute is supplied by offering a higher quality of proof than required by the statute even though the form contained in the statute is not utilized.
Failure of the Dormitory Authority to affix its seal as a part of its signature is without legal significance. A corporation may sign without a seal. (General Construction Law, § 44-a, 45, 46.) Therefore in this respect the petition also substantially complies with the municipal annexation law.
The City Council of the City of Saratoga Springs was required, as was the Town Board, to make certain findings and to adopt a resolution determining whether it is in the public interest to approve the annexation. If the city and town disagree, the statute provides for judicial determination. Do these requirements disqualify the city as a petitioner because of its owner *585 ship of real property in the territory to be annexed? In other words, is the doctrine of impartiality violated when the City Council sits to make determination upon its own petition? In the context of an annexation proceeding I think the question should be answered in the negative.
Certainly in such a proceeding both municipal boards involved are to some extent interested in the outcome whether or not they are formal petitioners and whether or not they are owners of real property in the territory. Each board member and hence each board will be motivated, it may be assumed, by what is felt to be best for its own municipality, whether by reason of local pride, the financial or political effect of the annexation upon the municipality and its inhabitants, or otherwise. This is a far different situation from that where an individual has a personal interest in the outcome of a dispute. A city owns real property presumably in the public interest. The effect of that ownership is not likely to be any more or less a factor in the ultimate decision as to the over-all public interest than the other factors which the boards quite obviously take into account. The impartiality of either of the governing boards can hardly be affected by reason of the fact that one becomes a petitioner and one does not. The impelling underlying factors which exist and are likely to influence each board are not changed by this formality. Each board will make its findings and determination and give or withhold its consent upon the realities as they exist, or at least as the board members believe them to exist, regardless of the artificial status of the municipality in the proceeding. In the final analysis, if both boards do not consent to the annexation, the final determination as to the over-all public interest is judicially determined in court.
For these reasons the finding of the Town Board of the Town of Greenfield is set aside and the said board is ordered and directed to find that the petition for annexation presented to the said board substantially complies with the provisions of article 17 of the General Municipal Law.