■ CITY OF BATAVIA, Petitioner, v. MILTON A. HOWLAND et al., Constituting the Town Board of the Town of Batavia, Respondents.— Petition granted and order of the Town Board of the Town of Batavia dated July 5, 1973 unanimously annulled, without costs; motion of B. S. & D. Development, Inc. to intervene and application for appointment of Referees, granted, and Hon. Frank J. Kronenberg, Hon. J. Kenneth Serve, and Hon. Julian R. Hanley designated as Referees. Memorandum : This article 78 proceeding is brought by the petitioner City of Batavia alleging that the respondents, constituting the Town Board of the Town of Batavia, acted arbitrarily in rejecting the petition for annexation executed by B. S. & D. Development, Inc. (CPLR 7803, subd. 3). On February 27, 1973 B. S. & D. Development, Inc. executed a petition seeking to have its property and adjacent property of Doerflinger located in the Town of Batavia annexed to the City of Batavia. The petition was verified by Michael A. Fasano, described in the petition as vice-president of the corporation. Objections were filed which claimed that the petition did not comply with the provisions of article 17 of the General Municipal Law because Mr. Fasano was not qualified to act on behalf of the corporation since it had never formally organized or elected officers or directors. On April 10, 1973 a hearing was held before a joint meeting of the Town Board of the Town of Batavia and the City Council of the City of Batavia. At the hearing Vito Gautiere testified that he was the president and owner of the majority of the stock of the corporation. He stated that Mr. Fasano was vice-president of the corporation and had authority to sign the annexation petition on its behalf and that the corporation had no board of directors. On May 1, 1973 all the stockholders of B. S. & D. Development, Inc. executed an instrument ratifying Mr. Fasano's acts in executing the petition for annexation. On July 2, 1973 the City of Batavia approved the annexation and the next day the Town of Batavia disapproved it stating that the petition did not substantially comply in form or content with article 17 of the General Municipal Law because the person signing the petition was not authorized by a resolution of the board of directors of the petitioning corporation to execute the petition in behalf of the corporation. The further ground for the disapproval, that the annexation is not in the over-all public interest, is not at issue in this proceeding and is the subject of a separate application for reference. We are asked to determine whether the respondents' approval was withheld arbitrarily insofar as it was based upon a finding that the corporate owner of the land had not legally organized and delegated appropriate authority to Mr. Fasano to execute the petition. We think that the board's action was arbitrary. The town board's duty in examining the petition was a ministerial function (*Matter of Skidmore Coll.* v. *Cline*, 58 Misc 2d 582, affd. 32 A D 2d 985). Its representatives were limited to deciding whether the petition met the statutory requirements set forth in section 705 of the General Municipal

Law (cf. *Matter of Wright* v. *Ransom*, 307 N. Y. 317, 321; *Matter of Union Free School Dist. No. 5, Town of Greenburgh* v. *Town Board of Town of Greenburgh*, 36 Misc 2d 223, affd. 19 A D 2d 864). Being neither officers nor shareholders of the corporation, the town board had no authority to go behind the petition to examine the internal organization of the corporation and challenge its action in seeking annexation (see *Rothman & Schneider* v. *Beckerman*, 2 N Y 2d 493, 499; *Hillcrest Paper Co.* v. *Ohlstein*, 10 Misc 2d 286, affd. 6 A D 2d 864). Once it was found that the petitioning corporation owned the property and that the petition was executed by an officer having *de facto* authority to do so, neither the town board nor those signing the filed objections had standing to challenge Fasano's authority to execute the petition as vice-president. Since all of the stockholders of the corporation ratified the actions of Mr. Fasano and authorized his execution of the petition, no one may question his authority to do so. The pending application filed pursuant to section 712 of the General Municipal Law seeking an order of reference is consolidated with the instant proceeding (General Municipal Law, § 712, subd. 3), and the designated referees are to hear and report to this court on the issue of whether the annexation is in the over-all public interest (General Municipal Law, § 712, subd. 6). (Review of determination in article 78 proceeding on petition filed in annexation proceeding, transferred by order of Genesee Special Term.) Present — Marsh, J, P., Witmer, Cardamone, Simons and Henry, JJ.