Verner M. Ingram, Jr., Esq. Village Attorney, Canton
Your recent letter raises the question of whether the General Municipal Law authorizes a village to annex the property over which a State highway runs and the territory which is separated from the boundaries of the village by the State highway.
Municipal annexations are governed by article 17 of the General Municipal Law. Section 703 of the General Municipal Law requires that the land to be annexed must be "adjoining" to the boundaries of the annexing municipality.
In Matter of Common Council of the City of Gloversville v Town Board ofthe Town of Johnstown (32 N.Y.2d 1 [1973]), the Court of Appeals addressed the question of whether territory separated from the annexing municipality by a State highway is considered to adjoin the municipality. In addition, the Court addressed the question of whether a municipality could annex territory over which a State highway ran. InGloversville, the City of Gloversville petitioned the Appellate Division under article 17 of the General Municipal Law for an adjudication and determination annexing territory located within the adjacent Town of Johnstown (32 N.Y.2d at 4). A State highway, located in the territory to be annexed, formed the boundary between the city and the town (ibid.). The town opposed the annexation on the grounds that a municipality may not annex a State highway, and that territory separated from a municipality by a State highway does not "adjoin" that municipality within the meaning of section 703 of the General Municipal Law (32 N.Y.2d at 4; see Matter of Schulman v Wallace, 18 Misc.2d 91 [Sup Ct, Rockland Co, 1959]).
The Court of Appeals rejected this argument, finding as follows:
 "While it is true that Route 30-A, a State highway, bisects the land to be annexed, the presence of the highway within the territory does not prevent the proposed annexation. The vital and operative fact is that the highway, although State property, is not separate and apart from, but is within the territory of the Town government. The land upon which the highway was constructed was part of the Town before it was taken by the State; it did not cease to be part of the Town when the State acquired it for highway purposes.
. . .
 "It should be readily apparent that for the purposes of annexation by a local government, there is nothing inviolate about Federally or State owned property, provided the local government does not interfere with the disposition and use of said property. Here, it cannot be said that a change of municipal boundaries would interfere with the ownership of the State highway or its use by the public, since the only effect of such annexation would be to require the City to maintain that portion of the State highway located within the annexed territory" (32 N.Y.2d at 4, 5; see 1971 Op Atty Gen [Inf] 42).
Under this analysis, territory which is separated from a municipality by a State highway "adjoins" the municipality for purposes of annexation under section 703 of the General Municipal Law. A prior opinion of our office, relying on the law then in effect, held otherwise (see 1965 Op Atty Gen [Inf] 111; citing Matter of Shulman v Wallace,18 Misc.2d 91 [Sup Ct, Rockland Co, 1959]). Inasmuch as the law has changed since the time our 1965 opinion was handed down, the conclusion reached therein is no longer controlling today.
We conclude that property separated from a village by a State highway is subject to annexation under the provisions of article 17 of the General Municipal Law.