Requestor: Donald J. Swanz, Esq., Village Attorney Village of Franklinville P.O. Box 126 Franklinville, New York 14737
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked that we construe the meaning of the term "adjoining" as used in section 703 (1) of the General Municipal Law, relating to municipal annexation.
Under section 703(1), territory in one or more local governments "adjoining one or more other local governments" may be annexed in accordance with the procedure established by Article 17 of the General Municipal Law. You have presented the following facts for our consideration. The property within the town that is proposed to be annexed by a village is separated from the village by a town highway. You have asked, whether, notwithstanding the town highway, the property proposed to be annexed adjoins the village within the meaning of section703 of the General Municipal Law.
Case law and opinions of this office have found that a highway of another governmental unit separating territory sought to be annexed from the annexing local government would render the territory nonadjoining within the plain meaning of the statute. Matter of Shulman v Wallace,18 Misc.2d 91 (Sup Ct, Rockland Co, 1959) (town road separated property to be annexed from annexing village); 1963 Op Atty Gen (Inf) 153 (county road separated territory to be annexed from annexing village); 1965 Op Atty Gen (Inf) 111 (State highway separated territory to be annexed from annexing village). In these circumstances, it would be necessary that the village acquire the town highway, after which the territory to be annexed would adjoin the village. See, 1961 Op Atty Gen (Inf) 67.
Other decisions can be distinguished. In Common Council v Town ofJohnstown, 32 N.Y.2d 1 (1973), while a State highway bisected the land to be annexed, the Court of Appeals found that the territory to be annexed adjoined the annexing local government within the meaning of the State statute. In Johnstown, the highway did not separate the land to be annexed from the annexing local government. Compare, also, Lehrer vWallace, 24 A.D.2d 602 (2d Dept 1965) where village boundary extended to center of the road and 1971 Op Atty Gen (Inf) 42, where the annexing village already owned the roadway adjoining the territory proposed to be annexed.
We conclude that town territory proposed to be annexed which is separated from the annexing village by a town highway does not adjoin the village within the meaning of section 703 of the General Municipal Law and, therefore, is not subject to annexation.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.