MATTER OF B——

In VISA PETITION Proceedings

A–12068067

*Decided by Board December 11, 1961*

Adopted child—Adoption not legally recognized in Netherlands Antilles.

As there are no adoption laws or other known means of creating the legal status of "adoption" in the Netherlands Antilles, beneficiary who was given to petitioner shortly after birth in the Netherlands Antilles under an agreement with the child's unmarried mother and who was raised as a member of petitioner's family and regarded in the community as his own child is unable to qualify for preference quota status as petitioner's "adopted child".

### BEFORE THE BOARD

**DISCUSSION:** The case comes forward on appeal from the order of the Acting District Director, New York District, dated September 7, 1961, adhering to its order of denial of the visa petition filed by the petitioner on behalf of the beneficiary.

The petitioner, a native of Netherlands Antilles, became a naturalized citizen of the United States on November 9, 1931. The beneficiary is a native and citizen of Netherlands Antilles, born October 29, 1939. The petition seeks to classify the status of the beneficiary for preference quota status pursuant to section 203(a)(4) as the married daughter of the petitioner. The visa petition filed on August 5, 1960, indicated that the beneficiary was married, was residing in St. Albans, New York, with the petitioner and had given birth to a child on February 29, 1960, in New York. The status of the beneficiary's husband is not indicated.

The visa petition was denied by the District Director, New York District, by order dated September 15, 1960, on the ground that the beneficiary was not the legally adopted daughter of the petitioner. We considered the appeal from the order of denial of the District Director on January 13, 1961, and we reviewed the evidence then submitted. We concluded that in the absence of a statutory procedure of adoption, the petitioner must establish that a custom existed in Netherlands Antilles which was recognized officially as resulting in a legal adoption, legally binding upon the parties concerned, and that it was necessary to establish that the adoption of the bene-

521

ficiary by the petitioner conformed with these customs and resulted in a legal adoption. We concluded that the petitioner had failed to show what custom was recognized by the Government of the Netherlands Antilles as resulting in a legal adoption and conferring the legal responsibilities and duties of parent and child, and remanded the case to amplify the record and for such further action as might be appropriate.

The affidavit of the beneficiary's natural mother dated November 28, 1959, to the effect that the natural parents of the beneficiary were never married and that she entered into an agreement with her brother, the petitioner, and his wife that they should adopt her child when it was born, merely recites that since the birth of the beneficiary the petitioner and his wife have raised the beneficiary and treated her as their own child and that in the community in which they live the beneficiary has always been regarded as the daughter of the petitioner's wife. However, there was no written deed or agreement of adoption submitted. The only other documents submitted to show the status of the beneficiary are school records from the time beneficiary was six years of age and a certification that during the 13 years she attended the school her bills were sent to, and paid by, the adoptive parents.

The Attorney General of the Netherlands Antilles under date of May 27, 1960, certified that there are no adoption laws in the Netherlands Antilles (Exhibit J). Counsel has furnished certifications from the Recorder of the Court of First Instance of Aruba and the Head of the Department of Civil Registry & Population Census to the effect that there is no formalized court or legislative proceeding which is prerequisite to a legal adoption and that adoptions are recognized and legally binding upon the parties when they comply with the local customs. However, neither of these officials expresses any opinion as to whether or not the circumstances of the case herein constituted a valid adoption.

Under date of June 6, 1961, the New York District Office of the Immigration and Naturalization Service made inquiry of the Foreign Law Section of the Library of Congress for information bearing upon the question herein. On the date of June 14, 1961, the Law Librarian replied that there was no source material available there to provide an answer to the inquiries; that while the institution of adoption had not been legally recognized in the metropolitan Netherlands until 1956 (Law of January 26, 1956), it was not possible to establish to what extent adoption may have been permissible in Aruba through custom or other official sanction. The communication further indicated that the contact with the Netherlands Embassy was fruitless but personnel there indicated that writing to the Department of Justice, Curacao, Netherlands Antilles, might be the only

means of obtaining the desired information. In response to a Service letter of June 12, 1961, the Secretary of the Department of Justice at Willemstad, Curacao, Netherlands Antilles, replied that the beneficiary, V—D—A—, was born on October 29, 1939, at Aruba, Netherlands Antilles; her mother, D—A—, never legitimated the daughter and a short time after her birth she was given to, and was raised by, the family of J—J—A—, a brother of the mother; and that the mother and the brother agreed that the latter only should take care of her upbringing, but the adoption of the daughter was never arranged. The communication concluded that in the Netherlands Antilles there are no adoption laws; that it occurs, however, that children consider themselves to be adopted, but this so-called "adoption" does not have any legal grounds in that country.

The petitioner, who is seeking the benefit of the immigration laws on behalf of the beneficiary, has the burden of establishing eligibility for such benefit or status. The latest communication from the Department of Justice of the Netherlands Antilles is to the effect that the so-called "adoption" in the instant case has no legal grounds in the Netherlands Antilles, which has no adoption laws. The evidence presented does not establish a valid adoption under the law of the Netherlands Antilles. No evidence has been submitted of an agreement or contract of adoption which would give rise to a legal status under the law of the Netherlands Antilles. At most, what appears to have been established is an agreement relating to the care and education of the beneficiary by the petitioner herein.[1] In the absence of any statutory declaration by a court of the Netherlands Antilles determining the legal status of the parties herein, and upon the basis of the evidence available, it is concluded that the petitioner has not borne the burden of establishing that the beneficiary is a legally adopted child so as to qualify for benefits and status under the immigration laws. The appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.

---

[1] Cf. *Matter of R—*, 6—760, where an agreement of adoption was held to create no legal status under the law of the Bahamas; to the same effect, unreported *Matter of L—*, VP 3–I–72872 (June 17, 1955), relating to an "adoption" in Jamaica (which had no adoption law), the agreement between the parties being characterized as the usual type of document in the transfer of custody of children between private parties and having no more force in law than a contract between private parties.