## MATTER OF DARWISH

### In Visa Petition Proceedings

### A-19245744

### Decided by Board April 4, 1973

Under the law of the Dominican Republic, a divorce decree issued by a court of
law does not suffice *per se* to dissolve the marriage bonds; this is accomplished
by a "declaration" or pronouncement by the Official of the Civil Registry.
Hence, in the absence of a showing by petitioner that his decree of divorce
issued by a court in the Dominican Republic in 1971 was pronounced by the
Office of Civil Registry, he has failed to establish that his prior marriage was
legally terminated. Notwithstanding the subsequent marriage in Jerusalem in
1972 of petitioner and beneficiary (Muslim citizens of Jordan) may be valid
under applicable Jordanian-Muslim law as a plural marriage, irrespective of
whether his prior marriage was legally terminated, plural marriages offend
the public policy of the United States and such subsequent marriage cannot
be accorded recognition for immigration purposes in the absence of a showing
that it is a monogamous marriage.

ON BEHALF OF PETITIONER: Abraham Kaufman, Esquire
521 Fifth Avenue
New York, New York 10017

This case comes forward on appeal from an order of the Acting
Officer in Charge, Athens, Greece, dated May 31, 1972, denying the
visa petition for the reason that the petitioner's previous marriage
was not shown to have been terminated. We shall dismiss the
appeal.

The petitioner, a male lawful permanent resident alien, has
applied for visa preference classification of the beneficiary as his
spouse. Both are natives and citizens of Jordan. The petitioner
himself obtained permanent resident status in the United States
on June 30, 1971, by virtue of marriage to a permanent resident of
the United States. He claims that this earlier marriage, which was
to a Dominican woman, was terminated by divorce.

The regulations require that a visa petition on behalf of a spouse
be accompanied by proof of marriage to the beneficiary and proof
of legal termination of prior marriages, 8 CFR 204.2(c)(2). A
marriage certificate was submitted showing that the petitioner
and the beneficiary contracted marriage in the Sheriya (Muslim

Religious) Court of Jerusalem on April 23, 1972. A decree of divorce issued by a court in the Dominican Republic on November 23, 1971, was submitted as evidence of the termination of the prior marriage; no evidence has been submitted that the decree was pronounced by an official of the Civil Registry.

A report prepared for us by the Library of Congress, dated January 1973, concerning this case informs us that:

A divorce decree issued by a court of law of the Dominican Republic does not suffice *per se* to dissolve the marriage bonds. This is accomplished by a "declaration" or pronouncement by the Official of the Civil Registry that must be made together with the registration in that office of the divorce decree issued by the court. To this effect, in cases of mutual consent divorce petitions, Article 31 of the divorce law provides that:

> The spouses . . . are responsible for registering the divorce decree in the Office of the Civil Registry. The decree shall be pronounced . . . no less than eight days after the decree was issued.
>
> Furthermore, Article 19 of the divorce law states that:
> The plaintiff who fails to act within the term of [eight days] shall lose the benefits granted to him by the decree thus obtained, . . .

Because no evidence has been presented by the petitioner that his divorce was pronounced (by the Office of the Civil Registry) as required by Dominican law, he has not established that the divorce action was completed and that the divorce took effect. Consequently, he has not established that his prior marriage was legally terminated.

Notwithstanding the fact that the petitioner's first marriage may not have been legally terminated, his marriage to the beneficiary would nevertheless be a valid marriage in Jerusalem because the law there permits plural marriages. According to the report prepared for us by the Library of Congress, Israeli law controls in Jerusalem. Pursuant to Israeli law, Muslim religious courts have jurisdiction over matters of personal status of Muslims.[1] For citizens of Jordan, Israeli law[2] requires that the Muslim religious courts apply the law of Jordan. The petitioner and the beneficiary are Muslim citizens of Jordan. Thus, Jordanian law governs their marriage in Jerusalem. Article 10 of the Family Rights Law of Jordan, Law No. 92 of 1951, permits a man to have four wives.

Plural marriages, however, offend the public policy of the United States, *Reynolds* v. *United States*, 98 U.S. 145 (1879); *Cleveland* v. *United States*, 329 U.S. 14 (1946); *Matter of G—*, 6 I. & N. Dec. 9 (BIA, 1953). Thus, even though the petitioner's second marriage

---

[1] Articles 51 and 52 of the Palestine (Amendment) Order-in-Council, 1922–1947, still in force per Article 11 of the Law and Administration Ordinance No. 1, 5708–1948.

[2] Article 52.

may be valid according to Jordanian law as a plural marriage, irrespective of whether his prior marriage was legally terminated, this Board cannot accord recognition to it, unless he can show that it is a monogamous marriage.

In visa petition proceedings, the petitioner has the burden of establishing eligibility for the benefit sought, *Matter of Brantigan*, 11 I. & N. Dec. 493, 495 (BIA, 1966); *Matter of Soo Hoo*, 11 I. & N. Dec. 151, 152 (BIA, 1965); *Matter of Yee*, 11 I. & N. Dec. 27, 30 (BIA, 1964); and *Matter of B—*, 9 I. & N. Dec. 521, 523 (BIA, 1961). The petitioner has not met this burden.

Our decision is, of course, without prejudice to submission by the petitioner of a new visa petition accompanied by the requisite proof.

**ORDER:** The appeal is dismissed.