MATTER OF ASHREE, AHMED AND AHMED

In Visa Petition Proceedings

A-19357815

A-18943352

A-19759301

*Decided by Board March 30, 1973*

Legal adoption does not exist in the Arab Republic of Yemen nor in the Peoples'
Republic of Southern Yemen. Both Yemens apply Islamic law in matters
involving family status; adoption, as practiced in most Western societies, is
not recognized by Islamic law. Hence, relationships through claimed adoptions
in Yemen cannot be established by petitioners for visa petition purposes.

ON BEHALF OF PETITIONERS: (1) Kenneth L. Cooper, Esquire
778 Ellicott Square Bldg.
Buffalo, New York 14203

(2) *Pro se*

(3) Thomas Khederian, Esquire
7655 West Vernor Highway
Detroit, Michigan 48209

These three cases involve a common issue. In each of the first
two cases, there is before us an appeal from the District Director's
denial of a visa petition. In the third case, wherein we upheld the
District Director's denial of a visa petition by our previous decision
dated July 6, 1971, there is before us a motion to reopen to hear
new evidence. The three visa petitions are all on behalf of relatives
whose relationship depends upon an adoption in one of the Yem-
ens. We shall dismiss both appeals and deny the motion.

In the first case, the record relates to Abdo Yousuf Ashree, an
unmarried native and citizen of the Arab Republic of Yemen, who
was born on February 25, 1952. The second case relates to
Mohamed Salem-Abdallah Ahmed, an unmarried native and citi-
zen of the Arab Republic of Yemen, who was born on March 24,
1932. The third case relates to Sulaiman Obadi Ahmed, an unmar-
ried native and citizen of the Peoples' Republic of Southern
Yemen, who was born on September 15, 1952. All three are claimed
by the petitioners to be relatives by virtue of adoption in one of the

305

Yemens. Documents in support of the claims of adoption were submitted.

The Library of Congress, by a report dated March 9, 1973, regarding these cases, has advised us that legal adoption does not exist in the Arab Republic of Yemen or in the Peoples' Republic of Southern Yemen. The report advises that both Yemens apply Islamic law in matters involving family status. The report states:

Adoption in the sense in which it is understood by other nations today . . . is not recognized by Islamic law.

[T]here is nothing in Islamic law similar to adoption as practiced in most western societies. It is not only not recognized in a Muslim society, but even if practiced by Muslims it will not carry with it any rights, especially those of inheritance.

An adopted son or daughter, of known descent, has no right to inherit from his, or her, adoptive parents and their relatives. The filiation based on adoption is neither recommended nor recognized by Islamic law. Such son or daughter is, however, entitled to what may be given under a valid deed in gift or will.

Islamic law, accordingly, does not recognize the validity of any mode of filiation where the parentage of the person adopted is known to belong to a person other than the adopting father, and an adopted child has no rights in the estate of his or her adoptive parents.

In view of the fact that there is no system for legal adoption in the two Yemens, the petitioners cannot establish that relationships by adoption arose there. All three petitions, accordingly, were properly denied.

ORDER: The appeals are dismissed and the motion is denied.