## MATTER OF TAGLE

### In Visa Petition Proceedings

#### A-20800319

*Decided by Board March 3, 1976*

Since the Civil Code of the Dominican Republic, as amended by Law 142 in 1971, does not require a waiting period for pronouncement of a mutual consent divorce obtained by foreigners, the mutual consent divorce terminating the marriage between beneficiary and his first wife (both Ecuadorians), which was obtained in the Dominican Republic and pronounced on the day the judgment was rendered, is valid under the law of the Dominican Republic and, hence, is entitled to recognition in New York, the place of subsequent marriage of beneficiary and the United States citizen petitioner.

ON BEHALF OF PETITIONER:
John J. Barry, Esquire
Barry, Barry & Barry
One Hunter Street
Long Island City, N. Y. 11101

ON BEHALF OF SERVICE:
Paul C. Vincent
Appellate Trial
Attorney

The United States citizen petitioner applied for immediate relative status for the beneficiary as her spouse under section 201(b) of the Immigration and Nationality Act. In a decision dated August 27, 1975, the District Director denied the petition. The petitioner has appealed from that decision. The appeal will be sustained and, the record remanded to the District Director.

The marriage between the petitioner and the beneficiary which took place in New York is the second marriage for the beneficiary, a native and citizen of Ecuador. His first wife, also an Ecuadorian, appeared before a court in the Dominican Republic on June 14, 1974 and obtained a mutual consent divorce from the beneficiary. The beneficiary appeared by an attorney duly authorized to act for him. The beneficiary's divorce is entitled to recognition under New York law if the divorce is valid under the law of The Dominican Republic. *Rosenstiel* v. *Rosenstiel,* 262 N.Y.S.2d 186, 209 N.E. 709 (1965), cert. denied 384 U.S. 971 (1966). See also *Matter of Assan,* 15 I. & N. Dec. 218 (BIA 1975).

The petitioner has submitted a copy of the beneficiary's divorce decree and the copy of the Pronouncement of the Divorce issued by an official of the Civil Registry on the day the divorce was decreed. How-

ever, the district director, relying on certain quotations from a Library of Congress report in our decision in *Matter of Darwish*, 14 I. & N. Dec. 307 (BIA 1973), denied the petition on the ground that the divorce was invalid in the Dominican Republic because the pronouncement was made sooner than eight days after the divorce was decreed.

Subsequent to our decision in *Matter of Darwish*, supra, we received a more complete translation of the Dominican law on divorce [1] from the Library of Congress. Under that law separate procedures are set forth for mutual consent divorces and divorces sought for cause. Chapter 4 of the Dominican law on divorce, which contains Articles 26 through 33, pertains to procedures to be followed in mutual consent divorces. Article 31 states:

> The spouses, or the more diligent of them, are responsible for registering the divorce judgment in the Office of the Civil Registry; the judgment shall be pronounced [by the official of the Civil Registry] no less than eight working days after the judgment was issued.

It would appear then that the parties must wait seven business days before having the decree pronounced at the Civil Registry.

However, in 1971, Law 142 added a further paragraph to Article 31. That paragraph reads, in pertinent part:

> "In the case provided for in paragraph 5 of Article 28 of this law [relating to mutual consent divorces obtained by foreigners], *once the judgment has been rendered*, the divorce shall be pronounced by any official of the Civil Registry of the jurisdiction of the court where the case was tried, upon presentation of a certified copy of the judgment, previously transcribed in the Office of the Civil Registry." (Emphasis supplied.)

This amendment clearly eliminates the waiting period for foreigners.

The divorce in the present case was obtained by foreigners and pronounced on the day the judgment was rendered. We conclude that the divorce decree is valid in the Dominican Republic and, as indicated, it is consequently entitled to recognition in New York.

We note that the district director, in denying the petition, refers to Article 19 in his decision. In *Matter of Darwish*, supra, we also made a reference to Article 19. However, we have learned that the translation of Article 19 provided us by the Library of Congress in connection with *Matter of Darwish*, supra, is erroneous. The time limitations set out therein should not be relied on. The correct translation of Article 19 follows:

> The plaintiff who fails to act within the term of two months as set forth in Article 17 shall lose the benefits granted to him by the judgment thus obtained, and he shall not be able to obtain a new judgment, unless his petition is based on new grounds. The previously alleged grounds may be added to the new ones.

---

[1] Civil Code of The Dominican Republic, Law 1306-bis (1937), as amended by Law 142 (1971).

From the more complete translation of the Dominican divorce law now before us, it is evident that Article 17, which provides that the divorce decree must be pronounced within two months, and Article 19 set forth the pronouncement requirement and the consequences of a failure to fulfill the requirement in divorces *obtained for cause*. Article 19 makes no reference to mutual consent divorces nor does any other provision of the statute specifically penalize the parties in a mutual consent divorce for failure to have the divorce pronounced.

The district director's decision with respect to the Dominican law was incorrect. The appeal will therefore be sustained. We shall, however, remand the record in order that the district director may determine if the marriage between the petitioner and the beneficiary is bona fide.

ORDER: The appeal is sustained; the record is remanded to the district director.