MATTER OF PICHARDO AND BRUGMAN

In Visa Petition Proceedings

A-20581862

A-20581864

*Decided by Board March 5, 1976*

Since the law of the Dominican Republic on mutual consent divorce obtained by foreigners does not state that both parties to such a divorce must be foreigners in order to render applicable the exception of the waiting period for pronouncement, in the absence of any evidence to the contrary, it is concluded that a mutual consent divorce obtained in the Dominican Republic in which one of the parties is a foreigner may be pronounced at any time. Hence, the mutual consent divorce obtained in the Dominican Republic on February 26, 1974, by the United States citizen peititioner from his previous spouse, a citizen of the Dominican Republic residing in New York, which was pronounced on the same day the judgment was rendered, is valid in the Dominican Republic and is entitled to recognition under the law of New York where petitioner subsequently married the beneficiary.

ON BEHALF OF PETITIONER:
Robert Greenstone, Esquire
225 Broadway
New York, New York 10007

ON BEHALF OF SERVICE:
Olga Springer
Appellate Trial Attorney

The United States citizen petitioner applied for immediate relative status for the beneficiaries as his spouse and stepson under section 201(b) of the Immigration and Nationality Act. In a decision dated October 23, 1974, the district director denied the petitions and subsequently his decision was certified to us for review. The decision will be reversed and the record remanded to the district director.

The petitions were denied on the ground that the petitioner's marriage to the female beneficiary was invalid because of the existence of a prior undissolved marriage entered into by the petitioner. The petitioner, however, claims that he had obtained a divorce by mutual consent from his previous spouse, a citizen of the Dominican Republic residing in New York, before marrying the beneficiary. In support of this claim, he has submitted a copy of a divorce decree dated February 26, 1974 from the Court of the First Instance of the Judicial District of San Cristobal, the Dominican Republic, and a copy of the Pronouncement of the Divorce, also dated February 26, 1974.

The district director, however, found that the petitioner had not fully complied with the pronouncement requirement as set out in the Dominican law on divorce [1] in that the pronouncement was made the same day the divorce was decreed. As a consequence, he concluded that the divorce was invalid in the Dominican Republic. He relied on our opinion in *Matter of Darwish*, 14 I. & N. Dec. 307 (BIA 1973) in denying the petition.

In *Matter of Tagle*, a recent decision, 15 I. & N. Dec. 595 (BIA 1976), we held that under the law of the Dominican Republic on divorce as amended in 1971, a mutual consent divorce obtained by foreigners may be pronounced at any time. The eight-business-day waiting period required in mutual consent divorces obtained by Dominicans is inapplicable in such a case.

The Dominican statute does not state that both parties to such a divorce must be foreigners for the exception to the waiting period to apply. In the absence of any evidence to the contrary, we conclude that a mutual consent divorce in which one of the parties is a foreigner may be pronounced at any time. Inasmuch as the petitioner, a United States citizen, was a party to the divorce proceedings, the divorce was properly pronounced on the day the judgment was issued, and thus is valid in the Dominican Republic.

The petitioner's divorce is entitled to recognition under New York law. See *Rosenstiel* v. *Rosenstiel*, 262 N.Y.S.2d 186, 209 N.E.2d 709 (1965), cert. denied 384 U.S. 971 (1966). See also *Matter of Assan*, 15 I. & N. Dec. 211 (BIA 1975).

The district director's decision with respect to the Dominican law is incorrect. His decision will be reversed. The record will be remanded, however, in order that the district director may determine if the marriage between the petitioner and the beneficiary is bona fide. See *Matter of Phillis*, 15 I. & N. Dec. 385 (BIA 1975).

ORDER: The decision of the district director is reversed; the record is remanded to the district director for further proceedings consistent with the above opinion.

---

[1] Civil Code of the Dominican Republic Law 1306-bis (1937) as amended by Law 142 (1971).