## MATTER OF BENJAMIN

### In Visa Petition Proceedings

### A-20306923

### *Decided by Board July 19, 1976*

(1) Beneficiary was adopted in 1948 in Iraq by parents of petitioner under the laws of the Chaldean Catholic Church. In matter of personal status including adoption the laws of Iraq provided that principles of Islamic law should apply. The legal institution of adoption such as creates a legal relationship between parent and child is not recognized under Islamic law. Additionally, there was not sufficient evidence in the record to show that the adoptive relationship recognized by the Chaldean Catholic Church created rights and obligations between the beneficiary and petitioner's parents analogous to those between a natural parent and child.

(2) In order for an adoption to be a valid for immigration purposes, the adoption must create a legal relationship between the adoptive parents and child similar to that existing between a natural parent and child. Where the adoption was not shown to have established that relationship, the adoption was not valid for immigration purposes, and the visa petition to classify beneficiary as the brother of petitioner under section 203(a)(5) of the Immigration and Nationality Act was denied.

ON BEHALF OF PETITIONER: Esther M. Kaufman, Esquire
Suite 102
1823 "L" Street, N.W.
Washington, D.C. 20036

Attorney of Record:
Norman Stiller, Esquire
995 Market Street, #1018,
San Francisco, California 94103

On June 11, 1975 we dismissed an appeal from a decision of a district director denying a visa petitioner filed in behalf of the beneficiary as the adopted brother of the United States citizen petitioner under section 203(a)(5) of the Immigration and Nationality Act. The petitioner now moves that we reconsider our decision. The motion will be denied.

In order to establish the eligibility of the beneficiary as the petitioner's adopted brother for the purposes of conferring immigration benefits, the petitioner must show the existence of a valid adoption. *Matter of Aladin*, 15 I. & N. Dec. 442 (BIA 1975).

The petitioner claims that the beneficiary was adopted by his parents in Iraq in 1948 according to the religious law of the Chaldean Catholic

Church. In support of this claim he has submitted his own affidavit and those of three ministers, apparently of the same sect in the United States, which attest to the fact of the adoption.

Relying upon a memorandum on the adoption law of Iraq prepared by the Library of Congress in 1973, we concluded that Chaldean Catholics in Iraq in 1948 were required to follow the principles of Islamic law on all matters of personal status, including adoption. We held that the legal institution of adoption, such as creates the legal relationship of parent and child, is not recognized by Islamic law. See also *Matter of Ashree, Ahmed and Ahmed,* 14 I. & N. Dec. 305 (BIA 1973); *Matter of Boghadi,* 12 I. & N. Dec. 666 (BIA 1968.

In the brief submitted with this motion, counsel for the petitioner disputes the accuracy of the 1973 memorandum. She argues that the religious law of the Chaldean Catholic Church governed matters of personal status for its community in 1948 and, under that law, adoption was recognized.

We requested a second memorandum from the Library of Congress on this issue. After considering counsel's brief and the information we have received from the Library of Congress, we have reached the following conclusions: Until 1959 the Chaldean Catholics followed the laws of their religion in matters of personal status.[1] Adoption is a matter of personal status. Some form of adoptive relationship was recognized and encouraged by the Chaldean Catholic sect.

We have held, however, that an "adoption," as the term is used in the immigration laws, must create a legal status or relationship. *Matter of Chan,* 11 I. & N. Dec. 219 (BIA 1965); *Matter of B—,* 9 I. & N. Dec. 521 (BIA 1961). A relationship in the nature of charitable help to a needy child is not an adoption under the immigration laws. *Matter of Yee,* 13 I. & N. Dec. 620 (BIA 1970), overruled on other grounds by *Matter of Yee,* 14 I. & N. Dec. 132 (BIA.1972).

Counsel contends that the religious law of the Chaldean Catholic Church is based upon the Hammurabic Code and under that law adoption created a legal relationship between the parent and the child. The recent memorandum from the Library of Congress, however, states that there is no support for counsel's assertion that the Hammurabic Code is the source of the religious law involved in the present case.

From the evidence before us, we are not satisfied that a valid adoption occurred. Serious question has been raised regarding counsel's assertion that a connection exists between the religious law of the Chaldean Catholics and the Hammurabic Code. No other evidence has been submitted to establish that the adoptive relationship recognized by

---

[1] The religious courts were abolished in 1948. However, the secular courts continued to apply the religious law of the parties to matters of personal status until 1959.

the Chaldean Catholic Church created rights and obligations between the beneficiary and the petitioner's parents analogous to those between a natural parent and child. Moreover, no claim has been made that any formal act of adoption took place or that the act was officially registered. The absence of any specific procedure bears upon the kind of proof required to establish a valid adoption. *Matter of Yee*, supra.

The burden of proof in visa petition proceedings is upon the petitioner. *Matter of Brantigan*, 11 I. & N. Dec. 493 (BIA 1966). A petitioner who is relying upon foreign law to establish eligibility for an immigration benefit must prove that law as if it were a question of fact. *Matter of Annang*, 14 I. & N. Dec. 502 (BIA 1973). The petitioner has failed to meet his burden in this case. Accordingly, the motion to reconsider will be denied.

ORDER: The motion to reconsider is denied.